STATE *v.* BOYD.

[70 South. 692.]

HABEAS CORPUS. *Remedy by appeal. Right to relief.*

A writ a *habeas corpus* cannot successfully be invoked on the ground that a verdict in a felony case was taken in the absence of the trial judge, where the judgment was entered by the clerk and was in all respects regular on its face, since the taking of the verdict was a mere irregularity which could have been corrected by motion and appeal in the trial court that convicted petitioner.

APPEAL from the circuit court of Attala county.

HON. J. A. TEAT, Judge.

Gordon Boyd sued out a writ of *habeas corpus* against the state to secure his release from custody after conviction of a felony. From an order discharging him, the state appeals.

*Lamar F. Easterling,* Assistant Attorney-General, for the state.

The two questions presented to this court on this record for decision, are first, whether or not the verdict of the jury rendered as shown in the record, in the absence of the trial judge, was a valid verdict, and second whether or not the trial judge had jurisdiction to entertain a writ of *habeas corpus* and discharge the accused from custody.

I have failed to find any case decided by this court upon the precise points here in question. In the case of *Sherrod* v. *State,* 93 Miss. 774, this court, speaking through Whitfield, Judge, committed itself to the doctrine, that a defendant on trial for a crime other than a a capital felony, who is on bond may waive the right to be present when a verdict is received. To the same effect see: *Price* v. *State,* 36 Miss. 531, 72 Am. Dec. 1915; *Giles* v. *State,* 64 Miss. 105.

In the *Giles Case, supra,* the court held that it was not unlawful or improper for the court to enter a judgment of forfeiture against the defendant and to receive the verdict of the jury in his absence. Of course the reasoning of the court is based upon the implied waiver on the part of the accused to be present at the time of the rendition of the verdict. The court cites: 1st Bishop Cr. Pro., sec. 272; *Price* v. *State,* 36 Miss. 531; *Fight* v. *State,* 7 Ohio 357; *State* v. *Wamine,* 16 Ind. 357.

In the *Price Case,* 36 Miss. at page 542, Judge Handy speaking for the court said: "The general rule is, that the verdict, in cases of felony, must be delivered in open

court, and in the presence of the defendant. 1 Chitty Cr.
L., 636.  This rule is founded on two reasons: First,
the right of the defendant·to be present, and to see that
the verdict is sanctioned by all the jurors; and secondly
in order that the defendant, if convicted, may be under the
power of the court, and subject to its judgment.  The
right of the defendant to be present, proceeds upon the
presumption that he is in custody, and has no power to be
present, unless ordered by the court to be brought into
court.  But, under our law, he may waive that right.  If
he is not in custody, so as to be deprived of the power to·
attend, it would seem that the reason of the rule as to
his right to be present would fail; for he is voluntarily
absent when he ought to be present, and cannot complain
of the consequence of his own voluntary act.  His volun-
tary absence must be taken to be a waiver of his right to
be present.  But upon another view of the circumstances
of this case, he cannot be heard to take any advantage of
his absence when the verdict was rendered.  He was
present in court when the trial was commenced, and when
the case was put to the jury; and though under recog-
nizance of bail before that time, for his appearance to
answer the charge brought against him, he was no longer
at liberty, but was in custody of the law.  If he afterwards
withdrew from the court or escaped so as not to be pres-
ent at the return of the verdict, it is by his own unlawful
act, of which he should not be permitted to take advantage.
His absence must be considered, at least as a waiver of
his right to be present; and his own illegal act should not
be permitted to thwart the process of the law to his
advantage.''

It is therefore clear that under the decision in this case
the doctrine of waiver is clearly established.

As stated by Judge Handy in the *Price Case, supra,* the
rule requiring the presence of defendant was founded
upon the right of the defendant to be present and to see
that the verdict is sanctioned by all the jurors.  In other
words to allow the defendant to poll the jury.

In the case of *State* v. *Austin,* 108 N. C. 780, a case almost identical with the one now before the court, the court said: ''As soon as the jury had retired, after receiving the charge, the court instructed the clerk, from the bench, in a clear and distinct voice, to receive the verdict, and to have the defendants present. The defendants' counsel had then left the court room, and defendants had no knowledge of and did not consent to the order. On the return of the jury the clerk received the verdict, both defendants being present. The defendants afterwards moved for a new trial and in arrest of judgment, on the ground that the verdict was received in the absence of the judge and of defendant's counsel and in the recess of the court. The case also states that while the jury were considering their verdict the judge remarked in the presence of the defendants' counsel that he had instructed the clerk to receive the verdict, and the counsel made no response; that as the jury came into the courthouse the clerk told another of defendants' counsel that he was going to take the verdict; that he asked if the judge was present, and the clerk replied that he was not, and had instructed him (the clerk) to receive the verdict; that the counsel then did not go into the courtroom, but went to the solicitor and told him of the conversation; that in reply to the solicitor's inquiry if he would consent to the clerk's receiving the verdict he replied that he would not, but before the solicitor could reach the courtroom the verdict had been rendered. The defendants had the right to have the verdict rendered in the presence of the judge, and it is best that it should always be done. But, it is certainly competent, except in capital cases, for it to be received by the clerk if no exception is made, and the opportunity is given the defendant to object, ''and such practice is very common.'' Pearson, C. J., in *Houston* v. *Potts,* 65 N. C. 41. Indeed, in all cases not capital the defendant may even waive his own right to be present, either expressly (*State* v. *Epps,* 76 N. C. 55), or by voluntarily withdrawing himself from the jurisdiction of the

court (*State* v. *Kelly*, 97 N. C. 404; *State* v. *Jacobs*, 107 N. C. 772), though his counsel cannot waive it for him. (*State* v. *Jenkins*, 84 N. C. 812.)

In the present instance the defendants were both present in the courtroom when the verdict was rendered, and made no objection to the absence of judge or their counsel. Had they done so, doubtless the judge and the counsel would have been sent for, or if that had been refused the defendants could have then presented the matter as ground for a new trial to the court below, and if refused, have appealed.

*Crawley & Glass*, for appellee.

There is no question but that the court had taken a recess (see agreed statement of facts, page 20 of record); that the court was absent from the courtroom at the time the verdict was received by the clerk and the jury dispersed. Can there be a duly and legally constituted court without a judge? If the appellee can waive the right in a felony case of the presence of the judge at the time of the receipt of the verdict, he can also waive the right of a jury, and the judge who is presiding at the time, or the district attorney who prosecutes for the state, may sit in judgment. See 12 Cyc., page 731 (X. V. A. 2); "A verdict should be received in open court by the trial judge, and his delegation of this power to another, although by consent of the parties, is ground for a new trial."

12 Cyc., page 686 (14 K. I. B): "A verdict which is received after the expiration of the term is void, unless the court has no power to receive it under a statute. So, a verdict delivered to the clerk during recess, without the permission of the court or the consent of the parties, and in the absence of the defendant and the judge, should be set aside and a new trial ordered."

In 12 Cyc. page 686 (k. 1) the rule is laid down as follows with reference to the delivery of the verdict:

"The verdict, in all cases of felony must be delivered in open court." *Jackson* v. *State,* 102 Ala. 76, 15 So. 351.

In this case, the trial judge received the verdict of the jury after a recess had been taken by the court, at his room in the hotel where he was staying. The court, in delivering the opinion held that where the jury had separated after the rendition of the verdict which was void because delivered to the judge outside of the courthouse, that the defendant in that case was entitled to be discharged, having been placed once in jeopardy. Following the reasoning of the court in that case, the appellee should have been discharged from the custody of the court upon his motion. At any rate there can be no question under the authorities cited as to the illegality of the verdict.

In *Elerbe* v. *State,* 22 So. 950, the court in delivering its opinion said, in part: "If we could consider the statement of facts as showing such absence from the room on the part of the judge as constituted even a temporary relinquishment of the control of the court, and of the conduct of the trial, we should unhesitatingly reverse the judgment. There can be no court without a judge, and his presence, as the presiding genius of the trial is as essential during the argument as at any other time . . . In civil cases, or prosecutions for misdemeanors he may give place to another by consent, and if he does so, without objection in advance, consent will perhaps be presumed; but in prosecutions for felony no consent can be given, and if given it will not be binding on the accused. . . . When the court is once opened the presence of the judge is necessary at all times. (Works on Courts and their Jurisdiction, page 87.)"

The court in the same case, commenting further upon the facts as presented by the record say: "If this error were a mere technical one, not vital in its nature, we would not for that alone reverse the judgment, but the error here is of the gravest character. It goes to the very organization and constitution of the court trying the appellant on the charge of murder."

In *The State* v. *Jackson,* 21 S. D. 494, the court held: "As a judge is an essential constituent of a court, there can be no court in the absence of the judge or judges. Consequently, a verdict in a criminal case, which is received by the clerk in the judge's absence is void, even though authority to receive it has been delegated by counsel."

If the verdict in this case, following the reasoning of the cases cited above is void, then no valid judgment of the court can be predicated upon it.

In *Scott* v. *State* reported in Vol. 11 of the Southern Reporter on page 657, Judge Woods of this court said: "Where the record shows that judgment was entered against a prisoner on a verdict returned by a jury of eleven men such is an error and constitutes a fatal defect affecting the jurisdiction of the court . . . and therefore, the verdict and the judgment founded on it are void and the prisoner is in the same condition as if he had not been tried . . . The court undoubtedly had jurisdiction of the person of the relator, and of the subject-matter, and ordinarily, no other question will be considered on *habeas corpus.* But, in the present instance we see indisputably that the intervention of an unauthorized agency, where by the defendant's guilt of the crime laid to his charge was established, the jurisdiction of the court was broken and lost. There was no power to pronounce judgment, because there was no verdict of guilt on which to base it. In our view, the relator stands just as if he had not been tried at all. The verdict is a nullity, and the judgment upon it is a nullity."

It therefore follows as a logical consequence that the trial court in this case should not only have entertained jurisdiction of the appellee's petition for a writ of *habeas corpus,* but that the verdict being a nullity, and the sentence of the court pronouncing it being a nullity, that the appellee should have been discharged from the sentence of the court.

HOLDEN, J., delivered the opinion of the court.

This is an appeal by the state from a judgment of the circuit judge of Attala county releasing the appellee, Gordon Boyd, from custody on conviction of a felony; the action being instituted by a writ of *habeas corpus* sued out by appellee. The history af the proceedings in the court below is, briefly, as follows:

Appellee was tried at the September, 1913, term of the circuit court of Attala county for assault and battery with intent to kill and murder, and was convicted by the jury. It seems that, while the circuit judge was away from the courtroom, the jury returned their verdict to the circuit clerk, who received it and discharged the jury; all of which was done in the absence of the trial judge, but in the presence of the accused and his counsel, who made no objection to this proceeding at the time. Afterwards, a motion was made by appellee to set aside the verdict of the jury because it was returned in the absence of the trial judge. This motion was sustained by the court. On the same day, the circuit judge entered an order admitting appellee to bail. Thereafter, on the next day, a motion was filed to discharge appellee from the custody of the sheriff, setting up the fact that the verdict of the jury was received in the absence of the trial judge. This motion was by the court overruled. It further appears that afterwards, on the same day, the appellee moved the court to set aside the order of the court setting aside the former verdict of the jury, which motion was granted and appellee was allowed to withdraw his former motion, and the order of the court, setting aside the verdict, was set aside. It also appears that afterwards, on the same day, the circuit judge entered an order sentencing the defendant, upon the judgment of conviction, to a term of five years in the state penitentiary, and ordered that he be remanded to the custody of the sheriff. Following all of this, and on the same day, the appellee sued out a writ of *habeas corpus* before the same circuit judge, setting out

the fact that the jury had returned a verdict in the absence of the judge; and that said verdict, judgment, and sentence of the court was void; and asked that the appellee be discharged from the custody of the sheriff. The district attorney appeared and filed an answer for the sheriff, in which he admitted the facts to be true as set out in the petition for the writ of *habeas corpus;* and it was further agreed between the counsel on both sides that the appellee and his counsel were present when the verdict was returned and received by the clerk, and that they made no objection thereto at the time. At the conclusion of the *habeas corpus* trial, the judge entered an order discharging appellee from further custody, and taxing the state with the costs. Five days thereafter, the trial judge entered another order in his court, commanding the clerk to issue a *capias* for the arrest of appellee. This was done, and he was placed under a bond in the sum of five hundred dollars for his appearance at the next term of the circuit court for trial on the original indictment.

It clearly appears from the record here that there was a valid and lawful judgment upon its face rendered in the circuit court, based upon a conviction by the jury, and that the appellee was sentenced to a term in the penitentiary under this judgment of the court.

We do not think that the writ of *habeas corpus* may be successfully invoked in this case. If it be true that the rendition of the verdict by the jury to the clerk, in the absence of the circuit judge, was error and an irregularity, this should have been corrected by motion and appeal in the trial court that convicted appellant on the indictment. As the judgment of the lower court appears from this record to be regular and lawful in all respects, it was not permissible at the hearing of the writ of *habeas corpus* to inquire into any alleged errors or irregularities in the proceedings behind the judgment. *Ex parte Grubbs,* 79 Miss. 358, 30 So. 708; *Scott* v. *State,* 70 Miss. 247, 11 So. 657, 35 Am. St. Rep. 649; *Murrah* v. *State,* 51 Miss. 652; section 2446, Code of 1906. Therefore the court

erred in admitting, in the ·*habeas corpus* hearing, any evidence attacking collaterally the validity of the judgment under which the appellee was then in custody.

"The authorities are uniform and very numerous in holding that the writ of *habeas corpus* cannot be made to perform the functions of a writ of error or an appeal, and that a person in custody under a judgment or order of a court of competent jurisdiction . . . cannot obtain his discharge on *habeas corpus* on account of mere errors .or irregularities, however gross, in the judgment or in the proceedings on which the judgment was founded. . . . (This) doctrine has long since passed beyond the domain of dispute." Am. & Eng.· Encl. Law, vol. 15, pp. 172, 173.

In view of these conclusions, we hold that the circuit judge below committed error in discharging the appellee under the writ of *habeas corpus*.

We do not pass upon the question as to whether the verdict of the jury, rendered in the absence of the circuit judge, was erroneous and invalidated the judgment, for the reason that no inquiry should have been made in this case as to the proceedings back of the judgment; consequently, this question is not properly before us. So far as this record discloses, the appellee now stands in the attitude of an escaped convict.

This case is reversed, and the petition of appellee is dismissed.

*Reversed and dismissed.*