*Ex parte* GOLDING.*

(Division B.   Oct. 31, 1927.   Suggestion of Error Overruled Nov. 28, 1927.)

[114 So. 385.   No. 26604.]

HABEAS CORPUS.   *Convicted party cannot by habeas corpus attack validity of conviction affirmed on appeal.*

Where a party convicted of crime prosecutes an appeal to the supreme court on a record which shows a valid judgment, and such judgment is affirmed on appeal, such party cannot thereafter attack the validity of the judgment appealed from on *habeas corpus.*

---

*Corpus Juris-Cyc. References: Habeas Corpus, 29CJ, p. 19, n. 41; p. 20, n. 51.

APPEAL from chancery court of Lee county.
HON. ALLEN COX, Chancellor.

Petition by Jack Golding for a writ of *habeas corpus.* From an adverse judgment, the petitioner appeals.  Affirmed.

*George T.* and *Charles S. Mitchell,* for appellant.

There has never been any legal judgment entered against petitioner in this case for the reason that the

minutes of the court were not signed before the adjournment of the term at which the case was tried; and since a court of record can speak only through its minutes, there does not appear of record any authentic judgment, any legal judgment or any valid judgment, adjudicating petitioner's guilt. Therefore, defendant's deprivation of liberty is illegal.

The apparent judgment in this case is a nullity, is void and of no legal effect, because it consisted merely of an unsigned entry made in the minute book and the minutes were never signed by the judge. as required by law. Section 727, Hemingway's Code; *Childress* v. *Carley*, 92 Miss. 571, 46 So. 164; *Hammond Gregg* v. *Bradley*, 119 Miss. 72, 80 So. 489; and *Evans* v. *State*, 108 So. 726 (Miss.). See, also, *Sloan* v. *Cooper*, 54 Ga. 486; *Raymond* v. *Smith*, 71 Am. Dec. 458; *Galbraith* v. *Sidener*, 28 Ind. 142; *Woodleaf* v. *Logan*, 23 So. 716; *Richardson* v. *Turner*, 28 So. 158; *Trust Co.* v. *Bayes*, 226 S. W. 390; *Commonwealth* v. *Chambers*, 24 Ky. 114; *Ewell* v. *Jackson*, 110 S. W. 860; *Fox* v. *Lantrip*, 172 S. W. 133; *Johnson* v. *Johnson*, 49 Tenn. 521; *Ex parte Mitts*, 278 S. W. 1047; *Wade* v. *Conniers*, 109 So. (Fla.) 453; *State, etc.*, v. *Goodrich*, 140 S. W. (Mo.) 629.

All the judgments and orders of the circuit courts can be evidenced alone by their minutes.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

There is no controversy as to what the facts in this case are. The only discrepancy or irregularity in the proceedings is the fact that at the March, 1926, term of the circuit court the circuit judge failed to sign the minutes of said court. Section 1007, Code of 1906 (section 763, Hemingway's Code of 1927) is designed rather to regulate the mode in which the judgment of the court should be authenticated and its existence verified. It was not intended to prescribe an essential requisite to the existence or validity of the decree or judgment.

Our courts have held in construing this section that when the minutes of the court are drawn up by the clerk, read, and signed before adjourning by the trial judge, said minutes "impart absolute verity and cannot be contradicted by parol. *Williams* v. *State,* 125 Miss. 347." In the case at bar, appellant admits that the minutes of the court are true and correct. However, he contends that such judgment is void because the judge failed to sign same at the term.

It might be that if the appellant had attached the judgment of the court on the ground that it did not state with truthfulness the proceedings had by said court, then said judgment would not impart absolute verity, and that it could not be introduced as evidence and that parol evidence could be introduced to contradict such judgment. This statute directing that judgments be signed is merely directory and a non-compliance with such statute will not invalidate the judgment. *Secombe* v. *Steele,* 15 U. S. (L. Ed.) 833.

The following state courts hold that a statute directing the judge to sign the minutes of the court is directory and his failure to do so will not invalidate the judgment. *Frasier* v. *Prayton,* 36 Ala. 691; *Ex parte Slocum* v. *State,* 9 Ark. 375; *Pittsburg R. R. Co.* v. *Johnson,* 52 Ind. 457, 99 N. E. 508; *McCoy* v. *Philadelphia Fire Ass'n,* 185 N. W. 101; *Hamilton* v. *Barton,* 20 Iowa 505; *Childs* v. *McChesney,* 20 Iowa 431, 89 Am. Dec. 545; *Gordon* v. *Bodwell,* 55 Kans. 131, 39 Pac. 1044; *Scott* v. *Rohman,* 43 Neb. 618, 62 N. W. 46, 47 A. S. R. 767; *Hillyer* v. *Schenck,* 15 N. J. Eq. 398; *McDonald* v. *Howe,* 178 N. C. 257, 100 S. E. 427; *Norwood* v. *Snell,* 95 Tex. 582, 68 S. W. 773; *U. S.* v. *Stoller,* 180 Fed. 910.

If the appellant was aggrieved by the judgment of the circuit court rendered in March, 1926, his only remedy was by appeal to the supreme court. He has exhausted this remedy by appealing said cause to the supreme court and having an adverse judgment rendered against him. *Giles* v. *State,* 36 Miss. 627; *Grubbs*

v. *State*, 79 Miss. 358; *Dixon* v. *Rowland*, 143 Miss. 270.; *Nimocks* v. *McGehee*, 97 Miss. 321.

When this cause was appealed, appellant represented to this court that the circuit court of Lee county had rendered a good and valid judgment against him. He is now estopped to deny the validity of said judgment.

Even if the judgment of the court is invalid, then the cause is continued and the defendant should be held in custody until sentence is imposed by the circuit court. *Easterling* v. *State*, 35 Miss. 210 at 213; *Williams* v. *State*, 125 Miss. 347 at 354; *Person* v. *Barlow*, 35 Miss. 174.

Etheridge, J., delivered the opinion of the court.

Jack Golding, the appellant, was convicted of a crime in Lee county, Miss., from which conviction he appealed to this court, where the judgment was affirmed. See *Jack Golding* v. *State*, 144 Miss. 298, 109 So. 731.

After the affirmance of the cause by this court, the appellant was taken in custody. Thereupon he filed a petition for a writ of *habeas corpus*, praying that he be discharged for the reason that his imprisonment was illegal, because the minutes of the circuit court containing the proceedings in which he was sentenced for the crime were not signed by the trial judge.

The record on his appeal to this court in cause No. 25897 contained a copy of the judgment of the court below, duly certified to by the clerk of the court below as being a judgment rendered in that court. No question was raised in that appeal as to the sufficiency of the judgment appealed from, but it was treated by the appellant during said appeal as a valid judgment and as having been rendered in the court below. This court, on the record before it, had jurisdiction of the cause and affirmed the judgment of conviction, by which affirmance the said judgment between the state and the appellant is final and conclusive and cannot be averred

against in a *habeas corpus* proceeding. The appellant, having failed to raise the question he now raises in that suit, is precluded and estopped by the judgment therein from doing so at this time, and especially in a *habeas corpus* proceeding. *Habeas corpus* therefore is not available to the appellant for his discharge from commitment and imprisonment under that judgment.

It is not necessary for us, at this time, to discuss or determine whether the failure of the judge to sign the minutes would render the judgment void, or whether the subsequent *nunc pro tunc* order cures the defect of his signature to the minutes of said circuit court. The party who appeals a cause to this court is charged with the duty of getting a true and correct record before the court, and of raising all points available in that proceeding. After taking his chances on securing a reversal on the record then before the court, and the record, on its face, containing a valid judgment, the appellant is estopped from subsequently raising the question.

The judgment of the court below denying the appellant a discharge is affirmed.

*Affirmed.*