KELLY, SHERIFF, *v.* DOUGLAS.

(Division B. Nov. 7, 1932. Suggestion of Error Overruled, Dec. 5, 1932.)

[144 So. 237. No. 30229.]

Bolton & Monaghan, of Tupelo, for appellant.

Mitchell & Mitchell, of Tupelo, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee and one Boss Payne were tried in the county court upon a joint charge against them for a misdemeanor. The defendants each entered a plea of not guilty and were thereupon jointly put to trial before a jury. Upon the completion of the testimony and the arguments, and having received the instructions of the court, the jury presently returned into open court the following verdict: "We the jury find the defendant guilty as charged." Observing that the verdict was in the singular, when two defendants had been jointly tried, appellee moved in the county court in arrest of judgment, which motion was by the county judge overruled, and thereupon a judgment, reciting the verdict, was entered by the county court upon the verdict, imposing a fine upon each of the said defendants therein.

No appeal was prosecuted to the circuit court, but when the sheriff took appellee in custody to enforce the sentence aforesaid, a petition for a writ of habeas corpus was presented by appellee, which was soon thereafter heard by the circuit judge, who entered an order discharging appellee from custody on the ground that the verdict in question was so uncertain as to be void, and that the judgment and sentence of the county court based thereon was likewise void.

The statute provides in broad terms, section 1914, Code 1930, that "the writ of habeas corpus shall extend to all cases of illegal confinement or detention by which

any person is deprived of his liberty," and other provisions of the statutes impose heavy penalties on a judge who willfully refuses to grant or try the writ. On the other hand, "the authorities are uniform and very numerous in holding that the writ of habeas corpus cannot be made to perform the functions of a writ of error or an appeal." State v. Boyd, 110 Miss. 565, 574, 70 So. 692, 693. Under the operation of the two rules of law, above quoted, many nice questions have arisen as to how closely a party is confined to an appeal as an exclusive remedy when an appeal is or has been available to him in his case, with the result that the general declaration is found to be often repeated that when the judgment or the proceedings are void on their face, so as to be subject to collateral attack, then the aggrieved party may resort to habeas corpus, and is not confined to appeal. Some of the authorities and some of our own cases are as follows: 12 R. C. L. 1186, 1196, 1207, 1240; 29 C. J. 48, 51; Scott v. State, 70 Miss. 247, 11 So. 657, 35 Am. St. Rep. 649; Ex parte Burden, 92 Miss. 14, 45 So. 1, 131 Am. St. Rep. 511; State v. Chambliss, 142 Miss. 275, 107 So. 200; Lewis v. State, 153 Miss. 767, 121 So. 493.

Appellee plants his petition upon the ground of exception last stated, namely, that the verdict was void for uncertainty, that the judgment and sentence based thereon is likewise void, that the invalidity appears upon the face of the judgment itself, and hence is subject to a collateral attack on habeas corpus. Without attempting to reconcile what appears to be some slight variations in the written opinions, even in our own state, we will confine the decision in this case strictly to the case as here before us. We will therefore concede, for the purposes of this case, although we do not now so decide, that the verdict, judgment, and sentence in this case are void for uncertainty, and this on the face of the record, and further that if appellee had stood without further to say in the county court after the return of the said

verdict and had made no motion in arrest of judgment, he could have resorted to the remedy of habeas corpus—nevertheless conceding all the foregoing, we are of opinion that where appellee has moved in arrest of judgment and thereby expressly called upon the county court to consider and adjudge the point whether the verdict was void, the point thus raised being one which was within the jurisdiction of the county court to adjudge and determine, an adverse judgment by the county court can be reviewed only on appeal, and not by habeas corpus.

Reversed, and petition dismissed.