## McLemore v. Love.

(In Banc. Nov. 27, 1944.)

[19 So. (2d) 828. No. 35715.]

C. F. Pittman, of Hattiesburg, for appellant.

274

- **Greek L. Rice**, Attorney General, by **R. O. Arrington**, Assistant Attorney General, for appellee.

**Roberds, J.,** delivered the opinion of the court.

Appellant, in this habeas corpus proceeding, seeks to have himself released from the Mississippi State Penitentiary, to which he was sentenced for three years upon his conviction in Jones County of grand larceny in the stealing of automobile tires. His petition for discharge was denied and he appeals. He contends that his conviction was illegal and void because the indictment did not state the value of the tires nor that they were personal property.

The indictment charges him with stealing "three pneumatic rubber automobile tires of some value . . . ," naming the owners of the property, and reciting that the serial numbers of the tires were unknown to the grand jurors.

The indictment was under section 2241, Code of 1942, which reads:

"If any person shall feloniously take, steal, and carry away any automobile, truck, bus, or other motor vehicle, or any pneumatic rubber tire or tube of another, he shall be guilty of grand larceny, and if found guilty shall be punished as in other cases of grand larceny.

"That this act be in force and effect only so long as the United States of America is engaged in World War II."

Under that section the indictment did not have to state the value of the tires. It does say they were of some value. The stealing of such tires of any value is grand larceny. Golden v. State, 63 Miss. 466. Incidentally, the proof on the original trial showed the tires to be worth $125.

In addition, appellant, as defendant in the original trial, did not demur to the indictment, or make any point on such trial of its insufficiency. He did make a motion for a new trial in which he raised this question, and, therefore, it was involved in the appeal. The conviction was had at the October, 1942, term of circuit court, and the appeal was dismissed September 27, 1943, for lack of prosecution. Where the proceedings are not absolutely void, either for lack of jurisdiction or other cause, which is not the case here, the writ of habeas corpus cannot perform the functions of an appeal. State v. Boyd, 110 Miss. 565, 70 So. 692; Ex parte Golding, 148 Miss. 233, 114 So. 385; Kelly, Sheriff, v. Douglas, 164 Miss. 153, 144 So. 237.

The failure of the indictment to designate the tires as personal property was not a defect. The description of the property itself shows that it was personal property. Jones v. State, 51 Miss. 718.

Affirmed.