SHOEMAKE, SHERIFF *v.* CHAIN.

Division A. Jan. 2, 1951.

No. 37878 (49 So. (2d) 722)

McFarland & McFarland, and **W. U. Corley,** for appellant.

416

No brief filed for appellee.

**Kyle, J.**

Zollie Chain was convicted in the court of a justice of the peace of Covington County on a charge of unlawful possession of intoxicating liquor. He appealed to the circuit court of Covington County and was again tried by a jury and convicted, and by the court sentenced to pay a fine of $500 and serve 90 days in the county jail. 45 days of the jail sentence was suspended on his good behavior. From this conviction and final judgment Zollie Chain appealed to the Supreme Court, and the judgment of the lower court was affirmed by the Supreme Court on October 10, 1949. Chain v. State, Miss., 42 So. (2d) 440. Several months thereafter Zollie Chain was apprehended by the sheriff and placed in the Covington County jail to serve his sentence and to pay the $500 fine.

The day after he was placed in the county jail Zollie Chain presented to the judge of the chancery court of Covington County a petition for a writ of habeas corpus directed to the sheriff of Covington County and asking that he be released and discharged from custody. In his petition the relator alleged the following facts:

"That your petitioner of recent date was convicted in the courts of Covington County, Mississippi of a misdemeanor, and sentenced by said courts to pay a fine of $500.00 and serve 90 days in jail, of which 45 days was suspended; that your petitioner prosecuted an appeal to the Supreme Court of the State of Mississippi, and the said court affirmed the said sentence.

"That your petitioner is 62 years of age, and is in very poor health suffering with an organic heart disease, known as 'Hypertensive Cardiovascular Heart Disease' and high blood pressure; that he has been in such state of health for the past ten years requiring him to be under the constant care and treatment of medical doctors; that he is presently advised by two reputable medical doctors against any excitement or being left alone, and if he be confined in jail under his said sentence, that it is very likely to cause his death; that the said medical proof will be made at the hearing of this petition.

"That your petitioner would show unto the court that he has not committed a crime, but has been convicted for a mere misdemeanor, and as a matter of humanity in his present state of poor health that he should not be confined in jail.

"That your petitioner is now in the custody of the sheriff of Covington County, Mississippi, being confined in the county jail of said county, and that his said detention by the said sheriff has and is depriving him of his liberty to the detriment of his health and well being.

"Wherefore, the premises considered, your petitioner prays that the court issue a writ of habeas corpus in this cause, directed to the sheriff of Covington County, Mississippi, and that notice be given to all necessary and proper parties, setting a date and place for hearing, and upon the hearing thereof that the court will inquire into the matters and things set forth in this petition, and that the petitioner be relieved of his detention by the sheriff of Covington County because of his poor health, and that the said sheriff be restrained and prohibited from incarcerating said petitioner at any future time during the present status of his health, or if in a more serious condition; and petitioner prays for special and general relief."

The chancellor issued the writ of habeas corpus returnable before him on the following day. The sheriff in his return or answer stated that he held Zollie Chain

in his custody by authority of a mandate of the Supreme Court of the State of Mississippi affirming a final judgment of the circuit court of Covington County, wherein Zollie Chain was convicted by a jury on a charge of illegal possession of intoxicating liquor. The sheriff attached to his answer a copy of the mittimus issued by the clerk of the circuit court. The cause was heard by the chancellor upon the petition, the sheriff's answer, and oral testimony taken before the chancellor on the 13th day of May, 1950. The district attorney appeared and represented the State on the hearing of the petition. An order was entered which recited that "the court is of the opinion and so finds that the court has jurisdiction of this cause and that the petitioner has sustained his petition for a writ of habeas corpus"; and the chancellor ordered that the petitioner be discharged from confinement by the sheriff of Covington County. The sheriff executed an appeal bond and filed a petition for appeal to this court.

Section 2815, Code of 1942, provides that: "The writ of habeas corpus shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty, or by which the rightful custody of any person is withheld from the person entitled thereto, except in the cases expressly excepted."

Section 2816, Code of 1942, provides as follows: "Nothing in this chapter shall authorize the discharge of any person convicted of an offense, or charged with an offense committed in any other part of the United States, and who, agreeably to the Constitution of the United States or the laws of the State, ought to be delivered up to the executive power of the state or territory where the offense is charged to have been committed; nor of any person suffering imprisonment under lawful judgment."

Section 2820, Code of 1942, provides as follows: "If from the showing made by the petition for habeas corpus it be manifest that the person by whom, or on whose behalf, it is presented is not entitled to any relief thereby,

the judge or chancellor may refuse to grant the writ, indorsing on the application his reason therefor.''

It is well settled in this state that no court may properly release a prisoner held under warrant, conviction or sentence of another court, unless for want of jurisdiction or for other cause rendering its proceedings void. Ex parte Adams, 25 Miss. 883; Shattuck v. State, 51 Miss. 50; 25 Am. Jur. 160.

It is also well settled in Mississippi and elsewhere that the writ of habeas corpus cannot be made to perform the functions of a writ of error or an appeal, and that a person in custody under a judgment or order of a court of competent jurisdiction cannot obtain his discharge on habeas corpus on account of errors or irregularities, however gross, in the judgment or in the proceedings on which the judgment was founded. State v. Boyd, 110 Miss. 565, 70 So. 692; Ex parte Golding, 148 Miss. 233, 114 So. 385; Kelly, Sheriff v. Douglas, 164 Miss. 153, 144 So. 237; McLemore v. Love, 197 Miss. 273, 19 So. (2d) 828.

The relator, in the petition which he presented to the chancellor, did not allege that he was illegally confined or detained by the sheriff of Covington County. On the contrary, the relator frankly stated in his petition that he had been convicted in the circuit court of Covington County of a misdemeanor, and had been sentenced by the court to pay a fine of $500 and to serve 90 days in jail, of which 45 days had been suspended, and that his conviction had been affirmed on appeal to this Court. The relator did not claim that he had not been lawfully tried and convicted, or that he had been deprived of any of his constitutional rights. He merely alleged that his detention by the sheriff was depriving him of his liberty to the detriment of his health and well being, and that his advanced age and the condition of his health made it necessary that he be discharged and relieved from punishment.

The testimony offered upon the hearing of the petition tended to show that the relator was suffering from a heart ailment and that he needed rest. But the testimony also showed that he could rest in jail, except for the fear of being left alone. It is not necessary, however, that we undertake to review the testimony in detail, for the reason that from the showing made by the petition itself it was manifest that the relator was not entitled to any relief thereby, and the chancellor should have refused to grant the writ.

Under our state Constitution the power to grant pardons and reprieves and to remit fines is vested in the governor, and in him only. This power has never been vested in the judiciary. The responsibility for determining whether the petitioner is a fit subject for clemency, whether because of the condition of his health he should be pardoned, or his fine remitted, is a responsibility that rests upon the governor, in whom the power is vested under the Constitution.

In the case of State v. Kirby, 96 Miss. 629, 51 So. 811, 812, the Court had under review Section 3 of Chapter 109, Laws of 1908, which purported to authorize the board of supervisors to discharge infirm convicts from the county jail, and the Court held that Act unconstitutional and void on the ground that it was an invasion of the power of the Governor. The Court in that case stated that ''The sole power to pardon is confided by the Constitution to the Governor, and cannot be delegated elsewhere by the Legislature.''

In the case of Coburn v. Schroeder, 70 Okl. Cr. 405, 112 P. (2d) 191, 193, the Supreme Court of Oklahoma dealt with the exact question that we now have before us; and in that case the facts set forth in the petition were strikingly similar to the facts set forth in the petition in the case which we now have before us. The provisions of the Oklahoma Constitution conferring upon the Governor the power to grant reprieves and pardons and to remit fines were very similar to the provisions of our own

Constitution. In the Coburn case the Court stated that "The office of Governor is the proper one with which to lodge the responsibility for determining whether the petitioner is a fit subject for clemency . . . The exercise of executive clemency is a matter of discretion. It is an official duty vested in the Governor, not for the benefit of the convict only, but for the welfare of the people. The petitioner has heretofore invoked the jurisdiction of this court for the purpose of determining the correctness of the judgment of conviction rendered against him by the District Court of Payne County. In the opinion of this court in that case, it was determined that the trial proceedings were legal and proper; and the conviction was affirmed. As to any circumstances which have intervened since the judgment of this court on appeal has become final, which questions solely concern the possible effect of the confinement upon the health of the accused, it is our opinion that such question is a proper matter to be addressed to the chief executive in which, if he sees fit, he may extend clemency under the power vested in him by the Constitution of this state."

For the reasons stated above the decree of the chancellor is reversed, the order discharging the petitioner from custody is annulled and set aside, and the prayer of the petition is denied; and the petitioner is remanded to the custody of the sheriff to be confined under the sentence imposed upon him by the circuit court.

Reversed and petitioner remanded to custody of the sheriff.