MURRY *v.*
WALLER, SHERIFF OF FORREST COUNTY, MISSISSIPPI

No. 42532            February 11, 1963            149 So. 2d 524

*Lawrence D. Arrington,* Hattiesburg, for appellant.

I.   The lower court erred in denying petition for writ of habeas corpus. Sec. 3887, Code 1942 as amended.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

JONES, J.

This is a habeas corpus proceeding begun in the Circuit Court of Forrest County. The petition of appellant alleged that he was tried before a justice of the peace on a charge of speeding on Highway No. 11, and also of having no driver's license, and was convicted, fined the sum of $15.00 and costs on the speeding charge, and $5.00 and costs on the other charge. The complaint is that he is being held for failure to pay all of the court costs. He alleged that he was willing to pay the fine and all of the costs except the costs of the constable, and that he, the constable, was not entitled to costs, particularly for attending the trial under the provisions of House Bill 342 of the General Laws of 1962. The sheriff answered and exhibited a mittimus from the justice court in each case. Each mittimus was valid on its face but without any itemization of costs. The lower court dismissed the petition on the ground that appellant was being lawfully held and that in its opinion the costs were correctly allowed. There is no issue as to the validity of the mittimus issued in each case. It is agreed between the parties that the only matter in issue is the fees of the constable in attending court and in the execution of process because of the House Bill aforesaid.

(Hn 1) This proceeding simply seeks to have this Court retax the costs. The costs for attendance amounts to 75¢ in each case according to the statute. It is not the function of habeas corpus to serve as a motion for the retaxing of costs. The statutes of this State, by motion and appeal, provide an ample and adequate remedy for the determination of costs and the retaxation thereof.

See and Cf. Ex Parte Chain, 210 Miss. 415, 49 So. 2d 722; McLemore v. Love, 197 Miss. 273, 19 So. 2d 828; Kelly v. Douglas, 164 Miss. 153, 144 So. 237; State v. Boyd, 110 Miss. 565, 70 So. 692; Ex Parte Golding, 148 Miss. 233, 114 So. 385; also Cf. Rogers v. Jones, 240 Miss. 610, 128 So. 2d 547. See 39 C.J.S., Habeas Corpus, Secs. 7 and 8, pages 437-438; 20 C.J.S., Page 692, Sec. 452 (a), (b).

Affirmed.

*McGehee, C. J., and Kyle, Gillespie and McElroy, JJ.,* concur.