ROBERTSON, Justice:
On May 21, 1971, Susan Cook filed a Petition for Writ of Habeas Corpus against Ronald Lamar Conn and his wife, Jeannette Conn, in the Chancery Court of Lowndes County, to secure custody of Elizabeth Lee Cook, her natural daughter, sixteen months old. The Conns filed a cross-bill and also a petition for adoption on June 1, 1971.
These pleadings were consolidated for trial by consent of the parties, and, after a full trial, the court found that the natural mother, Susan Cook, had abandoned her child and was, therefore, not entitled to her custody. The court granted the Petition for Adoption. In its Final Decree dated June 7, 1971, the Court found (among other things):
“(3) Susan Cook, the only natural parent of said minor child, Elizabeth Lee Cook, has wholly and totally abandoned and deserted said child and has forfeited all of her parental rights to the custody of said child.

“(7) Ronald Lamar Conn and wife, Jennie Jeannette M. Conn, are qualified in all respects to be the adoptive parents of said child, Elizabeth Lee Cook, and it would be in the best interest of said child that the adoption prayed for be decreed and that the six-month waiting period be waived and dispensed with by this Court.

*298 “(9) The said Ronald Lamar Conn and wife, Jennie Jeannette M. Conn, have proved the allegations of their petition for adoption and this court finds that the natural mother, Susan Cook, has wholly and completely neglected, abandoned, deserted, mistreated and ignored said minor and has forfeited and relinquished all parental rights with said child.

“(11) It would be in the best interest and welfare of said child that she be adopted by Ronald Lamar Conn and wife, Jennie Jeannette M. Conn, and her name changed to Elizabeth Lee Conn by which name she shall hereafter be legally known.”
Susan Cook appeals.
Elizabeth Lee Cook was born on January 10, 1970, in Washington, D. C., to Susan Loveless, a 16-year old girl. Susan met Michael L. Cook, a soldier, on March IS, 1970, and they were married on May 1, 1970. Between May 1st, 1970, and August, 1970, they lived in three different places. In August, 1970, Susan, Mike and the baby moved in with Mike’s grandmother in Aberdeen, Mississippi. Mike was sent to Vietnam in August, 1970. Susan and the baby around the end of November moved back to Maryland and lived with Susan’s mother until Mike returned from Vietnam on January 9, 1971. Mike, Susan and the baby returned to Mike’s grandmother’s home in Aberdeen, Mississippi on January 13, 1971.
Susan Cook testified that Mike seemed different when he returned home from Vietnam, that she needed to get straightened out and left Mississippi on January 22, 1971, and returned to her mother in Maryland. She left her 13-month-old infant daughter with a neighbor, Wanda McGregory. Susan testified:
“All I asked her was would she watch Lee-Lee and she said she would. That is all I said to her.”
Mrs. McGregory stated on the witness stand:
“I believe it was January 22nd. She asked me if I would keep Lee-Lee for her for a little while. At first I just wondered about it because she had never asked me to keep. She had always asked my neighbor, and I asked her if Mrs. Easter could keep it and she said no, that she had more children- — two or three little babies. And, I asked her if she would just be gone for a little while, and she said in a little while she would be back. I said, ‘Well, I guess I can.’ And, so she brought her out there about 9:30 and then she just told me to keep it until Mike came in that afternoon.”
Mike did pick up the child about S :00 P. M. that afternoon and got his aunt, Mrs. Esther Callohan, to keep Lee-Lee until February 9th, 1971, when, according to the petition for adoption, Mike gave her custody to the Conns.
On March 13, 1971, Susan and Michael Cook returned from Maryland and asked the Conns for the return of Lee-Lee. The Conns refused. On May 1, 1971, Susan and Mike again returned from Maryland and demanded custody of Lee-Lee. Again the Conns refused. On May 21, 1971, the petition for writ of habeas corpus was filed.
There simply is no proof in the record of the abandonment or desertion of Elizabeth Lee Cook by her natural mother, Susan Cook. She had custody of her daughter from her birth on January 10, 1970, until January 22, 1971, when Susan Cook took her child to Wanda McGregory, a neighbor, and asked her to keep the child “for her for a little while” or “until Mike came in that afternoon.”
It is true that Susan Cook, who was a 17-year-old at the time, did not keep her infant daughter as clean as she should have. The child suffered from diaper rash, and there was testimony that there was scars from the diaper rash, and also *299 that on one or two occasions the little girl bled from diaper rash sores. There was proof that Susan did not take Lee-Lee to a doctor while living in Mississippi, and that at times she only fed the baby milk, instead of supplementing her diet with baby food. All of these evidences of neglect, or inexperience in caring for a baby, naturally caused the Chancellor some concern.
As far as her material and physical welfare is concerned, it might well be that she would be better off in the hands of adoptive parents than in the hands of her natural, but very immature, mother, but that is not the standard of measure that Mississippi courts apply in determining who should have the custody of a child. See Mayfield v. Braund et ux., 217 Miss. 514, at 535, 64 So.2d 713, at 722 (1953).
Section 1269-09, Mississippi Code 1942 Annotated (Supp.1971), provides:
“But no infant shall be adopted to any person if either parent, after having been summoned to sign the petition for adoption, shall appear and object thereto before the making of a decree for adoption, unless it shall be made to appear to the court from evidence touching such matters that the parent so objecting had abandoned or deserted such infant or is mentally, or morally, or otherwise unfit to rear and train it, in either of which cases the adoption may be decreed notwithstanding the objection of such parent, first considering the welfare of the child, or children, sought to be adopted.” (Emphasis added).
The burden of proof was squarely on the Conns’ shoulders to prove that Susan Cook “abandoned or deserted such infant or is mentally, or morally, or otherwise unfit to rear and train it”. This they failed to do. The Court should have denied the Petition for Adoption, and granted custody of the little girl to her natural mother.
It is certainly hoped that Susan and Mike Cook have settled down and matured since the trial of this cause, and are now ready to devote themselves to the proper rearing of and caring for Elizabeth Lee Cook. It is an awesome responsibility to undertake to properly rear a child in this day and time; it most certainly requires the best efforts of both parents pulling together as a team.
The judgment of the lower court denying custody of Elizabeth Lee Cook to her natural mother, Susan Cook, and allowing the Conns to adopt her, is reversed; the final decree of adoption is set aside; and custody of Elizabeth Lee Cook is granted to her natural mother, Susan Cook.
Reversed and rendered.
RODGERS, P. J., and PATTERSON, INZER and SMITH, JJ., concur.