DICKERSON *v.* STATE.*

(Division B. May 21, 1928.)

[117 So. 261. No. 26941.]

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, p. 97, n. 70, 72 New; p. 121, n. 81.

*S. V. Little,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

ANDERSON, J. Appellant was indicted in the circuit court of Smith county, at the October, 1926, term thereof, under section 1112, Code 1906 (section 880, Hemingway's 1927 Code), for disturbing the peace of a family—a misdemeanor—and pleaded guilty at that term of the court to the charge, and was by the court, under authority of chapter 207, Laws of 1914 (section 1338, Hemingway's 1927 Code), authorizing the circuit court in misdemeanor cases to suspend the sentences, or any part thereof, on such terms as may be imposed by the judge of the court, sentenced to pay a fine of one hundred dollars and serve a term of thirty days in the jail; the court suspending fifty dollars of the fine and the entire jail sentence during good behavior. At the October, 1927,

term of the court, the following judgment was entered in the cause without appellant's being given a hearing:

"This cause came on to be heard on the matter of enforcing the suspended judgment against the said Wilson Dickerson, which judgment was suspended at October, 1926, term of this court, and it appearing to the court that the defendant entered a plea of guilty to the crime of disturbance at said term of the court and was sentenced to serve thirty days in the county jail and pay a fine of one hundred dollars, that thirty days of said sentence was suspended and fifty dollars of said fine was suspended pending good behavior of said defendant, and the court having heard and considered the matter of the defendant's good behavior since the suspension of said sentence, and being fully advised touching the same, finds that the defendant has broken faith with the court and has misbehaved, it is therefore ordered and adjudged by the court that the following portion of said suspended judgment now be enforced against the said defendant:

"That he serve fifteen days in the county jail and pay twenty-five dollars on said fine, and that the remainder of said jail sentence and fine be further suspended pending the good behavior of said defendant after he has complied with the order of this court by serving fifteen days in the county jail and paying twenty-five dollars on said fine, and stand committed until this judgment has been complied with, and the clerk of this court is authorized to issue a warrant or *capias* directed to the sheriff of said county for the arrest of said defendant, Wilson Dickerson, and the sheriff of said county is hereby ordered and directed to execute said process."

After the rendition of the judgment, above quoted, and at the same term of the court at which it was rendered, appellant appeared and moved the court to grant him a hearing on the question of whether he had been guilty of misbehavior during the period between the rendition of the original judgment and that judgment. Appellant's

motion was sustained, and thereupon witnesses were introduced both on behalf of the state and the appellant, whose testimony was addressed to the question of appellant's behavior during that period. At the conclusion of the testimony, the court pronounced no judgment so far as the record discloses.

On November 4, 1927, appellant prosecuted an appeal to this court from the original judgment of the court rendered at its October, 1926, term; appellant's appeal bond reciting that the appeal was taken from that judgment.

Chapter 153, Laws of 1926 (section 2650, Hemingway's 1927 Code), provides that appeals to the Supreme Court shall be taken within six months next after the rendition of the judgment appealed from, with a saving to persons under disability of infancy and unsoundness of mind. Under this statute, appellant's appeal from the original judgment—the one entered at the October, 1926, term of the circuit court—was barred, more than six months having elapsed after its rendition before an appeal was prosecuted.

If the appeal were from both judgments, the one rendered at the October, 1926, terms and the one appellant claims was rendered at the October, 1927, term, the appeal would nevertheless fail, because, so far as the record shows, there was no judgment rendered by the court at the October, 1927, term disposing of appellant's motion to set aside the judgment, above copied, rendered at that term. As stated, appellant made a motion that the judgment be set aside, and that he be given a hearing on the question of whether he had misbehaved between the time of the rendition of the original judgment and the judgment sought to be vacated. Although no formal order was entered sustaining appellant's motion, evidently it was sustained to the extent of granting him a hearing, because he obtained a hearing on the question of his behavior. Evidence was heard by the court on that question for and against appellant; but at the conclusion of the

evidence the record is entirely silent as to what judgment the court pronounced. In other words, whether the court intended to adhere to the judgment sought to be vacated, or to set it aside, is not shown by the record. The issue of appellant's behavior was presented to the court, and the court heard the issue, and at the conclusion of the hearing failed to pronounce judgment thereon. There can be no appeal from the judgment, unless the judgment is made a part of the record on appeal.

It follows from these views that the appellant's appeal should be dismissed.

*Appeal dismissed.*