JACKSON *v.* WALLER, SHERIFF OF FORREST COUNTY

No. 42698 October 7, 1963 156 So. 2d 594

February 3, 1964 160 So. 2d 184

*Wm. V. Murry,* Hattiesburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

RODGERS, J.

This action was brought in the Circuit Court of Forrest County, Mississippi, against the sheriff to obtain

the release of petitioner, prisoner, by habeas corpus proceedings.

The petitioner alleges that he pleaded guilty to a charge of unlawful possession of intoxicating liquors on June 26, 1957, in the county court, and that he was fined and sentenced to serve ninety days at labor on the county road; that upon payment of the fine, the ninety-day sentence was suspended by the county judge, pending the good behaviour of defendant, petitioner.

At the August 1962 term of the Forrest County Court, more than five years after his original sentence, petitioner again pleaded guilty to a charge of selling intoxicating liquors, and was sentenced to pay a fine and serve thirty days in jail. The fine was paid and the thirty-day sentence was served.

On the last day of the service of the sentence, the county attorney filed a petition in the county court, asking that the former sentence (June 26, 1957) be invoked so as to require the defendant to serve the ninety-day sentence previously suspended. The county judge entered an order, upon a hearing duly had upon notice given the defendant, revoking the suspended sentence, so as to require the defendant to serve the time originally suspended.

The defendant filed a petition for a writ of habeas corpus in the circuit court, and although several grounds were alleged in the petition, including the allegation that the petitioner was not represented by counsel, all of these allegations were brushed aside by admissions, or were not substantiated by the proof, so that finally the only issue presented to the circuit judge for determination was the question of whether or not the county judge had authority under the law to revoke the former suspended sentence after it had been suspended for a period of more than five years.

The circuit judge was of the opinion that the order of the county court was properly entered and refused to release the petitioner upon the writ of habeas corpus.

## I

We are of the opinion that the learned circuit judge reached the wrong conclusion in this case for the following reasons hereinafter set forth:

 █ This Court has heretofore pointed out that habeas corpus proceedings cannot be made to perform the function of a writ of error on appeal. See Kelly, Sheriff v. Douglas, 164 Miss. 153, 144 So. 237; Rogers v. Jones, 240 Miss. 610, 128 So. 2d 547. █ On the other hand, in the latter case, we pointed out that "The chief historical ground for the issuance of a habeas corpus writ and the release of a prisoner is the lack of jurisdiction on the part of the court to sentence or to hold the prisoner", and "The habeas corpus court could always inquire into the competency of the tribunal to determine whether or not it had jurisdiction to enter the judgment of conviction *and whether or not the judgment authorized a detention of the prisoner."* (Emphasis supplied.) See Donnell v. State, 48 Miss. 661; Ex Parte Chain, 210 Miss. 415, 49 So. 2d 722.

In the case of Kittrell v. State, 201 Miss. 514, 29 So. 2d 313, this Court held that "An order revoking a suspension of sentence is not appealable", citing other cases, and expressly held "When in such a matter there is a fundamental issue which if found in the convict's favor would make the proceedings null and void, the issue may be raised and reviewed in habeas corpus, * * *" Cf. Dickerson v. State, 150 Miss. 823, 117 So. 261.

In Mason v. Cochran, Sheriff, 209 Miss. 163, 46 So. 2d 106, this Court released a prisoner in a habeas corpus proceeding where revocation of the suspended sentence was imposed in vacation by the circuit judge, without notice, and without giving the prisoner an opportunity

to be heard. ██ █ It is apparent, therefore, from the opinions above-cited that the circuit judge was authorized to determine in habeas corpus proceedings whether or not the prisoner in the instant case was being unlawfully held by an order of the county court detaining the prisoner in custody or under probation for a period of time longer than was authorized by law. See 39 C.J.S., Habeas Corpus, § 26 g, p. 501.

## II

Did the county court exceed its authority by entering an order revoking a suspended sentence entered more than five years previously? The answer to this question requires a review of three statutes on the question of "suspended sentence."

The first of these statutes permitting the court to suspend sentence is Sec. 2541, Code 1942, Rec., and was originally enacted in 1914 (Chap. 207, Laws 1914, § 1338, Hemingway's 1927 Code). It was amended in 1950 so as to include the county court, and it is now in the following language:

"The circuit courts and county courts, in misdemeanor cases, are hereby authorized to suspend a sentence, and to suspend the execution of a sentence, or any part thereof, on such terms as may be imposed by the judge of the court."

The textwriter in 24 C. J. S., § 1618 (4), p. 878, points out that except where a statute permits a suspension in whole or in part, the authority of the court is confined to the suspension of the entire sentence, and that an order suspending a part of the sentence is void. In the instant case, however, we are not called on to pass upon this question except to point out that we are of the opinion that the sentence here imposed was not void, because it was rendered after § 4004-24, Code 1942, Rec. (Chap. 262, Laws 1956) was enacted, which permits a suspension of a part of the sentence.

It is apparent therefore that in order to determine the legislative intent with reference to the foregoing code sections, it is necessary that they should be construed in pari materia, or one in relation to the other.

The pertinent parts of § 4004-24 are in the following language: "Such courts, shall determine the terms and conditions of probation, may at any time during the period of probation alter or modify the conditions, and may include among them the following or any other: That the probationer shall * * * (d) Report to the probation and parole officer as directed * * * (h) Pay his fine in one or several sums * * *"

Section 4004-23, Miss. Code 1942, Rec., permits the circuit or county courts "to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided * * *" This section expressly provides that: *"In placing any defendant* on probation, the court, or judge, shall direct that such defendant be under the supervision of the Probation and Parole Board." (Emphasis supplied.) We are therefore of the opinion that the Legislature intended to require "all persons placed on probation" to be under the supervision of the Probation and Parole Board, under such supervision as the court may direct. Section 4004-24, Miss. Code 1942, Rec., permits the judge to determine the terms and conditions of the probation.

When § 2541, Miss. Code 1942, is read in connection with § 4004-23, it becomes apparent that § 4004-25, which limits the period of probation, applies to both sections. It would be an anomalous situation, and obviously a strained construction of the legislative intent, for this Court to hold that the Legislature intended to put a limitation of five years on suspended sentences in felony cases, and at the same time it intended to put no limitation upon suspended sentences in misdemeanor cases. We hold therefore that sentences for misdemeanors under § 2541, Miss. Code 1942, are now included within

the meaning of "sentences" as set out under § 4004-23. We are of the opinion that the period of probation for "all persons placed on probation" shall not exceed five years, except those expressly excluded from the foregoing section by law, particularly Laws 1962, Chap. 331, amending § 4004-25, Miss. Code 1942, the pertinent part of which is as follows:

"Such period with any extension thereof shall not exceed five (5) years, except that in cases of desertion and/or failure to support minor children, the period of probation may be fixed and/or extended by the court for so long as the duty to support such minor children exists."

The county court exceeded its authority in the instant case in attempting to revoke a suspended sentence after the expiration of five years from the date of the original sentence, because the order attempted to extend the suspended sentence beyond the maximum period of probation allowed by law.

The order of the circuit court is therefore reversed, the relief sought in the habeas corpus proceedings is granted, and the prisoner is discharged from custody.

Petitioner discharged.

*Lee, P. J., and McElroy, Jones and Brady, JJ.,* concur.

ETHRIDGE, J.

## ON SUGGESTION OF ERROR

In 1957 the County Court of Forrest County suspended a ninety-day jail sentence of Daniel Jackson, appellant, for a misdemeanor. More than five years later, he was convicted of another misdemeanor and sentenced to thirty days in jail. On the last day of his service of that sentence, the court revoked the 1957 suspension of sentence. Jackson then filed this petition for release on habeas corpus, asserting the court had no power of

revocation after that period of time. The circuit court denied the petition.

On appeal we held that the county court exceeded its authority in revoking the suspended sentence, and discharged appellant from custody. The circuit court was reversed because section 12 of the Probation and Parole Act of 1956 limits revocation of a suspended sentence to a period of five years. Miss. Code 1942, Rec., § 4004-25. The 1957 suspension was based on Code section 2541, which provides a method of summary suspension of sentence for those convicted of misdemeanors. Hence our original opinion stated that section 4004-25 of the Probation Act was in pari materia with Section 2541, and applied to the latter. 156 So. 2d 594.

■■ ■ The State has filed a suggestion of error attacking this basis of the opinion. We conclude the State's position is correct in this respect, and the Probation Act does not apply to misdemeanors, but we overrule the suggestion of error, because the attempted revocation of the 1957 suspended sentence was not made within a reasonable time thereafter.

■■ ■ Mississippi Code 1942, Rec., section 2541 provides: "The circuit courts and county courts, in misdemeanor cases, are hereby authorized to suspend a sentence, and to suspend the execution of a sentence, or any part thereof, on such terms as may be imposed by the judge of the court."

This statute was first enacted in 1914, and in 1950 county courts were included. Miss. Laws 1914, ch. 207; Miss. Laws 1950, ch. 347. It authorizes a summary suspension of sentence, but only in misdemeanor cases. The terms of suspension are such "as may be imposed by the judge."

Until 1956 there was no probation law authorizing suspension of sentences for felonies. In 1950 the legislature enacted a Parole Act, applicable only to felony convicts. It authorized a state board to place on parole

prisoners confined in the Mississippi State Penitentiary after serving a minimum term and under stated conditions. It contained no provision for suspension of sentence or probation. Miss. Laws 1950, ch. 524; Miss. Code 1942, Rec., § 4004-22. Parole is the release of a convicted offender under supervision, and under certain restrictions and requirements, after he has served a portion of his sentence in a penal institution. Macgregor, Adult Probation, Parole and Pardon in California, 38 Tex. L. Rev. 887, 899 (1960); 39 Am. Jur., Pardon, Reprieve and Amnesty, § 82.

In 1956 the legislature for the first time authorized circuit and county courts under certain conditions to suspend sentences of persons convicted of felonies, and to place them under the supervision of the State Probation and Parole Board. Chapter 262, Mississippi Laws 1956 was an act to amend the Parole Act. It also amended certain provisions of the Parole Act, and then added the additional probation sections. Miss. Code 1942, Rec., § § 4004-23 to 4004-27.

The 1956 Probation Act created a system of adult probation for first offenders only. The circuit and county courts were granted the power to suspend the imposition or execution of sentences, and place a defendant on probation. In doing so the court is required to direct that he be under the supervision of the Probation and Parole Board. § 4004-23. The court determines the terms and conditions for probation, some of the permissible ones being itemized. § 4004-24. Its period may be extended or terminated by the court, but under section 4004-25 it "shall not exceed five years." This was the limitation in the Probation Act which our original opinion applied to summary suspensions of misdemeanor sentences under Code section 2541.

After careful consideration, we conclude it was error to hold that the provisions of the Probation Act are in pari materia with section 2541, section 4004-25 limits

the period of probation under section 2541, and convicts under suspension of sentence for misdemeanors (§ 2541) come under the supervision of the Probation and Parole Board.

The Probation and Parole Act of 1956 does not evidence any intention, we think, to extend the supervisory powers of the board to misdemeanants. § § 4004-23 to 4004-27. It did not repeal or refer in any way to the summary suspension act, section 2541. There appears no intent to repeal by implication the old summary suspension procedure. The 1950 Parole Act applied only to felonies, and the probation sections were added in 1956 as amendments to the 1950 act. Nowhere in the 1956 statute is any reference made to misdemeanors. The only descriptive statements are to those serving sentences in the state penitentiary, which necessarily pertain to felonies. The total number of employees of the Probation and Parole Board is fixed at fifteen. If the legislature had any intention to provide supervision by probation officers of all misdemeants whose sentences have been suspended under section 2541, it certainly would not have limited the total number of board employees to fifteen. Code § 4004-05.

 █ If the Probation Act applied to misdemeants, the courts suspending their sentences would be required to place them under supervision of the board. § 4004-23. Yet we judicially know that, in addition to many hundreds of felony convictions in the state each year which could be subject to probation, there are annually many thousands of misdemeanor convictions, which, if they are subject to supervision of the board, would vastly increase its duties, in a magnitude impossible of administration. Further, the Probation Act is in a different volume and chapter of the Code, and is separate and distinct from the summary suspension statute. These and other aspects of the Probation Act reflect that the legislature did not intend to apply its provisions and

to extend the board's duties to those convicted of misdemeanors, whose sentences are suspended under Code section 2541. Accordingly, we erred in so holding in section II of our original opinion, and to that extent it is modified. 156 So. 2d at 596-597.

Somewhat similar to the instant question is State of Washington v. Davis, 56 Wash. 2d 729, 355 P. 2d 344 (1960); see also Ex parte Pittman, 248 S.W. 2d 159 (Tex. Cr. App., 1952); Aultman, The Probation and Parole Act of 1956, 29 Miss. L.J. 76 (1957).

██ Although the Probation Act itself does not limit the period for revocation of a suspended sentence under section 2541, the latter statute reflects a purpose to limit revocation of suspended sentences to a reasonable time. The present order entered more than five years after the suspension was beyond the power of the county court. Power to suspend sentences under section 2541 is restricted to a reasonable time, which is within the sound judicial discretion of the trial court. And in order to invalidate a later order of revocation, the time within which the suspension is made must be clearly unreasonable. 24 C.J.S., Criminal Law, § 1618(9), p. 895; 1571(1), p. 450; 15 Am. Jur., Criminal Law, § 480. The instant period of more than five years was clearly unreasonable, and an abuse of discretion. Hence the circuit court erred in denying discharge of Jackson on his petition for habeas corpus. Our original judgment correctly reversed the circuit court and discharged appellant. Accordingly, the suggestion of error is overruled, but our original opinion is modified in accordance with the foregoing. 156 So. 2d 594.

Original opinion modified, and suggestion of error overruled.

All Justices concur.

## ON SUGGESTION OF ERROR

RODGERS, J., specially concurring:

I concur in the foregoing opinion. I accede to the will of the majority. I have written in my Code, Section 4004-23, Miss. Code of 1942, Rec., in lieu of the words "over criminal actions" the words "over felony cases", and in Section 4004-09, in lieu of the words "shall investigate *all* cases" the words "shall investigate felony cases *only*". I point out that hereafter the trial judges may not use the probation officers except in "felony cases", until the Legislature is awakened to the need. (Emphasis mine).