## HAYS, SHERIFF, *v*. BARNES.*

(Division A.   Nov. 7, 1927.)

[114 So. 395.   No. 26621.]

1. HABEAS CORPUS.  *Conviction before justice, disqualified by interest, held not void and not ground for habeas corpus (Hemingway's Code* 1927, *section* 2146).

   Any disqualification by interest of justice to preside in prosecution, being waivable, and so not rendering void, but simply voidable, judgment of conviction, is not available, in view of Hemingway's Code 1927, section 2146 (Code 1906, section 2446), to effect release, on *habeas corpus,* of one convicted on such prosecution.

2. HABEAS CORPUS.  *Mere fact that one convicted was not guilty is not enough for release on habeas corpus.*

   One regularly convicted is not entitled to release on *habeas corpus* by reason of fact that he was not guilty, even if so stipulated.

---

*Corpus Juris-Cyc. References: Habeas Corpus, 29CJ, p. 25, n. 4; p. 27, n. 6; p. 32, n. 25; p. 41, n. 13, 16; p. 46, n. 68; p. 51, n. 25; p. 52, n. 27; Judges, 33CJ, p. 1019, n. 87, 89; p. 1022, n. 48; Justices of the Peace, 35CJ, p. 547, n. 15.

APPEAL from circuit court of Neshoba county.
HON. G. E. WILSON, Judge.

*Habeas corpus* by Irvan Barnes against R. F. Hays, Sheriff.  From a judgment granting the discharge the sheriff appeals.  Reversed and judgment rendered.

*J. A. Lauderdale,* Assistant Attorney-General, for appellant.

The contention of the state is that the defendant's only remedy was by appeal to the circuit court and that he was not entitled to invoke the writ of *habeas corpus.*

The supreme court of this state has uniformly held that a judgment rendered by a judge disqualified by reason of interest in the outcome of the suit or relationship to the parties, is not a void judgment and that it cannot be collaterally attacked. *Giles* v. *State,* 36 Miss. 627; *Grubbs* v. *State,* 79 Miss. 358; *Dixon* v. *Rowland,* 143 Miss. 270, 108 So. 807, is on all fours with the case at bar. See, also, *Nimocks* v. *McGehee,* 97 Miss. 321, 52 So. 626.

The defendant's only remedy from the adverse judgment of the justice of the peace was by appeal to the circuit court, and he was not entitled to invoke the writ of *habeas corpus.*

*Richardson & Pierce,* for appellee.

The circuit judge, by virtue of chapter 62, Code of 1906, had jurisdiction of the *haveas corpus* proceeding. The question of the authority of the trial court to discharge the appellee was not raised in the trial court and, therefore, cannot avail of anything in this court when raised here for the first time, and the trial court did not have an opportunity to pass upon the proposition here. *Prussell* v. *Knowles,* 4 How. 90; *Doe* v. *Ins.,* 8 S. &. M. 197; *Bank* v. *Martin,* 9 S. & M. 613; *Anderson* v. *Leland,* 48 Miss. 253; *George & Co.* v. *R. R. Co.,* 40 So. 486; *Adams* v. *Clarksdale,* 48 So. 242; *Simpson* v. *State,* 56 Miss. 297; *Huston* v. *King,* 80 So. 779.

We submit that the answer of the sheriff, appellant, admits that the appellee was not guilty of the crime charged in the affidavit, even though he had been found guilty by the justice of the peace. Under the holding of this court in *Ex Parte Harris,* 37 So. 505, the trial court was authorized to discharge the appellee.

Cases cited by counsel for the state are not in point here. The Giles case was one in which the defendant attacked the indictment merely on the ground of insufficiency, and without adducing evidence on which the indictment was founded, showing that he should not be

held in custody. In the case at bar the state admits all the allegations of the petition for writ of *habeas corpus.*

The Nimocks case supports our theory because in the case at bar the grounds of disqualification were urged before the justice of the peace who tried the case. We submit that if he had not urged the grounds of contention before the justice of the peace who tried the case, then he would have been deemed to have waived it, and he would have acted at his peril and could not thereafter attack the judgment rendered, collaterally. The Nimocks case seems to hold that if the grounds of disqualification are urged before the justice of the peace, then it can be attacked collaterally.

*Dixon* v. *Rowland,* 108 So. 807, is not in point here, because in the case at bar it is admitted that the appellee is not guilty of the crime charged against him, and that he was being unlawfully held by the sheriff of Neshoba county.

Does the trial of a defendant by a justice of the peace who has a pecuniary interest in the conviction of the defendant deprive the defendant of the due process of law as guaranteed by the statute and Federal Constitutions? We submit that it does and cite as our authority for this contention the case of *Tumey* v. *State of Ohio,* U. S. Supreme Court Report, 71 L. Ed. 508, and cases there cited.

*J. A. Lauderdale,* Assistant Attorney-General, in reply, for appellant.

Counsel for appellee now lays great stress on the fact that the petition for writ of *habeas corpus* alleges that appellee is not guilty of the crime charged against him. The guilt or innocence of the accused was immaterial in the determination of the question involved.

Section 2146, Hemingway's Code of 1927, is as follows: "Nothing in this chapter shall authorize the discharge of any person convicted of an offense . . . nor of

any person suffering imprisonment under a lawful judgment.''

The record in this case shows that petitioner had been convicted of an offense, that he was suffering imprisonment under a lawful judgment, that his guilt or innocence was not an issue in the trial of this case in the court below, and cannot now be made an issue in this record.

COOK, J., delivered the opinion of the court.

By an affidavit filed in a justice of the peace court, the appellee, Irvan Barnes, was charged with the unlawful possession of intoxicating liquors, and when the case came on for trial in the justice court, he filed a motion to dismiss the charge against him on the ground that the justice of the peace had a direct pecuniary interest in the result of the trial, for the reason that he would receive no pay for his services therein unless the defendant was convicted on said charge. This motion was overruled, and the defendant was convicted and sentenced to pay a fine of one hundred dollars and all costs. Upon the failure of the defendant to pay this fine and costs, the justice of the peace issued a *mittimus* directed to the sheriff of the county, commanding that the said defendant be incarcerated in the county jail until said fine and costs were paid. Thereupon the defendant presented to the circuit judge of the district a petition praying for a writ of *habeas corpus*. The writ was issued, and upon the hearing of the cause an order was entered discharging the defendant from custody, and from this order this appeal was prosecuted.

The question presented by this appeal is ruled by the case of *Dixon v. Rowland,* 143 Miss. 270, 108 So. 807, in which it was held that—

''Disqualification, under Constitution 1890, section 165, or Code 1906, section 2724 [Hemingway's 1927 Code, section 2378], of justice of the peace to preside in liquor

prosecution may not be collaterally attacked in *habeas corpus* proceedings.''

In discussing the question, the court there said: ''The disqualification of a judge because of his interest in a case or of his relationship to a party thereto can be availed of only by an objection to the judge made on that ground, either before his judgment is rendered, or, if made thereafter, before the judge has lost control of the judgment (*Y. & M. V. R. R. Co.* v. *Kirk,* 102 Miss. 41, 58 So. 710, 834, 42 L. R. A. [N. S.] 1172, Ann. Cas. 1914B [1914C] 968), and his decision thereon is subject to review only in an appellate court on an appeal thereto if an appeal to such a court lies from the judgment rendered.''

The petition for the writ of *habeas corpus* set forth in detail the proceedings in the justice court, and alleged that appellee was not guilty of the crime for which he was convicted, and the answer of the sheriff contained an admission that—''The petition and exhibits thereto in this cause set forth the true facts in reference to all proceedings had in the trial and commitment of the said Irvan Barnes, before the Honorable J. L. Cooper, justice of the peace.''

Counsel representing the respective parties entered into an agreement that—''The original petition and the exhibits thereto set forth are the true facts in reference to the arrest, trial, and commitment of the petitioner, Irvan Barnes, and all of the allegations of said petition and exhibits are admitted as true.''

Counsel for appellee contends that this was an agreement on the part of the sheriff that the defendant was not guilty of the charge of which he stood convicted, which entitled him to be discharged by writ of *habeas corpus.*

We think it is probable that counsel representing the sheriff did not intend to agree that the appellee was innocent of the charge on which he had been convicted, but, conceding that such is the effect of the written agree-

ment, still *habeas corpus* is not available to determine the guilt or innocence, and secure the discharge, of one who is confined under a lawful judgment. The justice of the peace had jurisdiction of the offense charged, and of the person of the defendant, and it has been held by this court that, since the disqualification of a judge may be waived by the consent of the parties and of the judge, disqualification of the judge does not render the judgment void but simply voidable (*Y. & M. V. R. R. Co. v. Kirk*, 102 Miss. 41, 58 So. 710, 834, 42 L. R. A. [N. S.] 1172, Ann. Cas. 1914C, 968), and it is expressly provided by the Code of 1906, section 2446 (Hemingway's 1927 Code, section 2146), that *habeas corpus* shall not be available to effect "the discharge of any person convicted of an offense, . . . nor of any person suffering imprisonment under lawful judgment."

The judgment of the court below will therefore be reversed, and judgment will be entered here remanding the appellee to the custody of the appellant.

Reversed, and judgment here.

*Reversed.*