BASEL ROGERS AND DESOLEE THORNHILL *v.* JONES, SUPERINTENDENT OF MISSISSIPPI STATE PENITENTIARY

No. 41872          March 27, 1961          128 So. 2d 547

*Philip Singley, Roy J. Goss,* Columbia, for appellants.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

RODGERS, J.

The petitioners, Basel Rogers and Desolee Thornhill, filed their petition for writ of habeas corpus against Fred Jones, superintendent of the State Penitentiary, in the Circuit Court of Sunflower County, alleging that they were wrongfully sentenced to the state penitentiary from the Circuit Court of Marion County, Mississippi, on a charge of manslaughter. Petitioners allege that they were caused to plead guilty to the charge upon a promise made by the circuit judge, communicated to the petitioners through an intermediary, that petitioners would be permitted to plead guilty to a lesser charge and would receive a suspended sentence. Petitioners charge that their attorney was not present and that petitioners were

brought into the court and advised by the circuit judge that they could either plead guilty to the charge of manslaughter or that the former life sentence would be imposed upon the relators, and that they under the circumstances entered their plea of guilty.

The facts in this case have been submitted to this Court heretofore, on a motion asking the Circuit Judge of Marion County to permit the defendants to withdraw their pleas of guilty, and we dismissed the appeal because the motion was filed after the Circuit Court of Marion County had adjourned. See Rogers v. State, 126 So. 2d 512.

The Circuit Judge of Marion County dismissed the motion to be permitted to withdraw defendants' plea of guilty on the 8th day of July, 1960, and the defendants filed their petition for habeas corpus in Sunflower County on the 19th of July, 1960. The appellants prosecuted their appeal to this Court from the order disallowing appellants' motion to withdraw their plea of guilty and at the same time filed a petition for habeas corpus in Sunflower County. An answer was filed by the respondent Fred Jones, Superintendent of the Mississippi State Penitentiary, in which it was alleged that the petitioners were held by virtue of a lawful order of the Circuit Court of Marion County, Mississippi. A demurrer was filed in which it is alleged that the petition for writ of habeas corpus sets up matters that should have been heard on appeal and alleging that habeas corpus does not lie. The Circuit Judge after hearing the argument sustained the demurrer on the ground that the relators could appeal from the Circuit Court of Marion County, and dismissed the petition and the writ of habeas corpus theretofore issued. The petitioners then appealed to this Court from the order of the Circuit Judge, dismissing his petition for habeas corpus.

The question to be determined here is: Will a habeas corpus writ issue to release a prisoner from custody of

the Superintendent of the Penitentiary upon the ground that the prisoners were fraudulently inveigled into entering a plea of guilty, at a time when their attorney was not present?

In the outset it should be noted that the right of an appeal is denied by law in any case where the defendant enters a plea of guilty. Section 1150, Miss. Code 1942, Rec. In the case of Cooper v. State, 175 Miss. 718, 168 So. 53, our Court held that a parolee could not appeal from an order of the Circuit Court revoking a suspended sentence, after he had plead guilty at a former term of the Court. The problem therefore is: Since there is no appeal from a plea of guilty, will the Court issue a writ of habeas corpus to release a prisoner who is unable to appeal on the ground that his plea was fraudulently obtained?

The statute (Section 2815, Code of 1942) is broad in its terms that "the writ of habeas corpus shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty", but as was said in the case of Kelly v. Douglas, 164 Miss. 153, 144 So. 237; "On the other hand, 'the authorities are uniform and very numerous in holding that the writ of habeas corpus cannot be made to perform the functions of a writ of error or an appeal'." In the Kelly case the Court pointed out that it is only where a sentence is void, that the defendant can resort to the remedy of habeas corpus. This Court again pointed out in the case of McLemore v. Love, 197 Miss. 273, 19 So. 2d 828, that "Where the proceedings are not absolutely void, either for lack of jurisdiction or other cause, which is not the case here, the writ of habeas corpus can not perform the functions of an appeal." Citing State v. Boyd, 110 Miss. 565, 70 So. 692; Ex parte Golding, 148 Miss. 233, 114 So. 385; and Kelly v. Douglas, supra.

Moreover, Section 2816, Code 1942, prevents the writ from issuing to release a person convicted of a crime:

"Nothing in this chapter shall authorize the discharge of any person convicted of an offense, * * * nor of any person suffering imprisonment under lawful judgment." The guilt or innocence of a defendant is not to be inquired into on habeas corpus hearing. See State v. Morgan, 114 Miss. 634, 75 So. 441.

The chief historical ground for the issuance of a habeas corpus writ and the release of a prisoner is the lack of jurisdiction on the part of the court to sentence or to hold the prisoner. We quote from 25 Am. Jur., Habeas Corpus, Sec. 26, p. 159: "The tendency of the courts is to hold that unless the lack of jurisdiction appears clearly upon the face of the record, habeas corpus ought not to be granted to review an erroneous determination by a court that it has territorial jurisdiction over an offense, but that is the absence of exceptional circumstances calling for the issuance of the writ, and subject always to the discretion of the court to issue the writ where justice so demands, an applicant for habeas corpus, in such a case, will be left to his remedy by writ of error or appeal."

Our Court pointed out in Donnell v. State, (1873) 48 Miss. 661, that "On the trial of habeas corpus, sued out by a person committed, as appears by the return, by the sentence of a justice of the peace, it is competent for the relator to deny the existence of the sentence, the jurisdiction of the justice's court, or the constitutionality of the law under which said judgment and sentence were rendered; but, in such case, the relator cannot go into the evidence on which he was convicted, with a view to a revision of the question of his guilt. Such revision can occur only on an appeal."

And although it is historically true that the writ of habeas corpus lay to determine whether a person under custody was restrained in accordance with law, still the question of what law to apply (even due process) is not a simple concept for this purpose. There is a sense,

therefore, in which a prisoner is legally detained if he is held pursuant to a judgment or decision of a competent tribunal or authority, even though the decision detaining the prisoner rests only in error as to law or fact. The habeas corpus court could always inquire into the competency of the tribunal to determine whether or not it had jurisdiction to enter the judgment of conviction and whether or not the judgment authorized a detention of the prisoner. When, however, these inquiries were satisfied the function of the writ in the case of a convicted prisoner was at an end. This has been accepted as the law in the courts of this country until recent times.

The Supreme Court of the United States is apparently leaving the beaten path and charting a new course and deliberately creating a new concept in the field of habeas corpus. About 13 years ago in the case of Sunal v. Large, 332 U. S. 174, 91 L. Ed. 1990, Mr. Justice Frankfurter in a dissenting opinion describes the federal habeas corpus practice as ''an untidy area of our law''. Since that time the U. S. Supreme Court under the ''due process'' clause has expanded the federal jurisdiction over federal cases by simply expanding the concept of ''lack of jurisdiction'' on the part of the sentencing court, and in at least one case, has frankly abandoned the ''lack of jurisdiction'' touchstone concept, in habeas corpus cases. The Court has declared that the writ of habeas corpus ''extends also to those exceptional cases where the conviction has been in disregard of constitutional rights of the accused, and where the writ is the only effective means of preserving his rights.'' See Waley v. Johnston, 316 U. S. 101, 86 L. Ed. 1302.

The U. S. Supreme Court in the case of Frank v. Mangum, 237 U. S. 309, 59 L. Ed. 969, as late as 1915 held in accordance with the historical theory that the federal court could not examine the proceedings of a state court on a habeas corpus so long as it has been sustained by the appellate court of that state. This rule was repudiat-

ed, however, in the case of Moore v. Dempsey, 261 U. S. 86, 67 L. Ed. 543, in which the U. S. Supreme Court gave the prisoner the benefit of the ruling in Waley v. Johnston, supra, with reference to federal prisoners.

In 1952 the U. S. Supreme Court discussed four habeas corpus cases, the most important of which were Brown v. Allen, 344 U. S. 497, 97 L. Ed. 469, and Daniels v. Allen, ibid., and from these cases it is apparent that the U. S. Supreme Court is now committed to the rule that a state prisoner is entitled to a full review of his constitutional rights by habeas corpus in the Federal District Court. That is to say, the state courts must not deny a prisoner of constitutional rights, and when this is done, it may be reviewed in the federal court on a writ of habeas corpus. See Goldsby v. Harpole, 123 So. 2d 429.

In the case at bar the Circuit Judge sustained the demurrer to the petition for the reason that "the grounds for relief alleged in the original petition herein are matters and things which should be determined on appeal". This Court later held that an appeal would not lie from a motion made after adjournment of the Circuit Court of Marion County. What remedy does the state court offer in a case where it is charged that a plea of guilty was obtained by duress, and no appeal is allowed?

In the case of Sweet v. Howard, 155 Fed. 2d 715, the petitioner Sweet filed his petition in the Federal District Court of Indiana denying that he had obtained due process of law in the state court because he had been forced to enter a plea of guilty under duress and threats of prosecuting attorney to send his mother and stepfather to prison unless he agreed to plead guilty. Petitioner said that he thought he was pleading guilty to abduction rather than kidnapping and stated that he had asked his counsel to request the court for permission to withdraw his plea. The court held that the proper remedy to correct an injustice such as that of entering a plea under threats or fear is a writ of coram nobis. The court how-

ever held that the relator must exhaust his remedies under the law of the State of Indiana before he is entitled to a writ of habeas corpus in the federal court, since it cannot be said that the State of Indiana is derelict in its duties under the U. S. Constitution until it has been given a chance to act and has acted adversely to the rights guaranteed by the Constitution of the United States to its citizens and this requires an appeal to the appellate court of Indiana on the refusal of the trial court to grant the writ of coram nobis. See also People v. Carpenter, 291 P. 2d 189.

In the case of Hardwick v. State, (Ark. 1952) 248 S. W. 2d 377, the petitioner sought a writ of error coram nobis and alleged in his petition that the trial court coerced petitioner and caused petitioner to enter a plea of guilty by threatening to revoke a prior suspended sentence and place the defendant in jail unless he entered a plea of guilty. The Supreme Court of Arkansas held that the petition was sufficient to establish a cause for writ of error coram nobis as against a demurrer. The Court said: ''An inquiry into the validity or regularity of the proceedings wherein one pleads guilty to a felony is the proper office of the writ of error coram nobis as well as an inquiry into the sanity of one convicted.

''In the case of State v. Hudspeth, 191 Ark. 963, 88 S. W. 2d 858, 861, this court said: 'If one is caused to enter a plea of guilty in a criminal case from fear or duress, he is entitled to the writ.' It is generally true that the writ of error coram nobis does not lie where the facts alleged in the petition for the writ were known at the time of the trial, but in the Hudspeth case it was held that this rule would not apply where one entered a plea because of threatened violence, since he would have to know of such threats before he could be caused to plead guilty by reason thereof.''

In the case of People v. Tidwell, (Cal. 1946) 171 P. 2d 565, it was held, ''Where defendant had pleaded

guilty because he had allegedly been induced by statements of probation officer and attorneys that probation would probably be granted if he pleaded guilty, but it appeared that he merely hoped that he would be granted probation, denial of defendant's petition for writ of error coram nobis brought on ground that defendant had pleaded guilty because of fraud, duress or mistake was not a breach of discretion on the part of the trial judge.''

In the case of Application of Dorsey, (Cal. 1947) 184 P. 2d 702, the court said: ''It is said in People v. Superior Court, 28 Cal. App. 2d 442, 82 P. 2d 718, that the use of the writ of coram nobis in this state is limited to those cases in which the statutory right to appeal, or to move for a new trial, will afford no remedy. In People v. Butterfield, 37 Cal. App. 2d 140, 99 P. 2d 310, it is said that coram nobis lies when a defendant has been fraudulently coerced or persuaded to plead guilty, or is deprived of the right of trial by extrinsic fraud, deceit, duress, persuasion or misrepresentation, when no statutory remedy for the wrong exists, or when the statutory remedy is inadequate.''

Under the general law, except where expressly or impliedly abolished or suspended by statute, the writ of error coram nobis is a common law remedy afforded upon application to the trial court, for the correction of errors of fact, unknown at the time of trial to the party seeking relief, and although the remedy cannot be invoked where other remedies are available, it may be invoked where a plea of guilty is obtained by fraud or duress. 30 A. L. R. 686; 58 A. L. R. 1286; Waley v. Johnston, 316 U. S. 101, 86 L. Ed. 1302; People v. Knight, (Cal. 1951) 234 P. 2d 992.

The purpose of the writ of coram nobis is to bring before the court rendering the judgment matters of fact which, if known at the time the judgment was rendered would presumably have prevented its rendition. It can-

not be employed as an appeal from an adjudicated question of law and fact nor can it be employed where there are other adequate remedies available. Wetzel v. State, 225 Miss. 450, 76 So. 2d 194; Corry v. Buddendorff, 98 Miss. 98, 54 So. 84; Bennett v. State, 106 Miss. 103, 63 So. 339; Dolan v. State, 195 Miss. 154, 13 So. 2d 925.

The case of Carraway v. State, 163 Miss. 639, 141 So. 342, describes the historical procedure for obtaining the writ under the common law in England.

The writ of error coram nobis was recognized in Mississippi as early as 1904 in the case of Fugate v. State, 85 Miss. 94, 37 So. 554. The Supreme Court had refused to rule whether or not such a writ was allowable in 1901. See Holt v. State, 78 Miss. 631, 29 So. 527. It has been said that the right to issue a writ of error coram nobis is founded on the inherent power of the court over its judgments and proceedings. See Hawie v. State, 121 Miss. 197, 83 So. 158.

Chapter 250, Laws 1952, Section 1992.5, Miss. Code 1942, provides that where a conviction has been affirmed by the Supreme Court, leave from the appellate court must be obtained before petition may be filed in the nisi prius court. And although it has been heretofore held that no appeal would lie to the Supreme Court from a refusal of the trial court to grant the writ (see White v. State, 159 Miss. 207, 131 So. 96) the court later said in the case of Wetzel v. State, 225 Miss. 450, 76 So. 2d 194, that where a judgment of conviction was pending in the Supreme Court and defendant brought a coram nobis proceeding in the trial court, which was dismissed, that the inherent power of the Supreme Court would permit a hearing on the merits of the coram nobis application.

In the case of Graham v. State, 196 Miss. 382, 17 So. 2d 210, where a petition was filed in the trial court based on a claim that the trial court had no jurisdiction of the situs of the crime and the writ was denied, the

Supreme Court of Mississippi issued an order allowing an appeal and thereafter set aside the conviction, but in that case this Court failed to rule as to whether or not a coram nobis was the proper remedy.

In the carefully considered case of Lang v. State, 230 Miss. 147, 92 So. 2d 670, the Court reviewed Chapter 250, Laws of 1952, and said: ''It will be observed that the relief sought by this petition is based on newly discovered evidence. If we treat the petition as one for the writ of error coram nobis, we would be required to deny the petition. It has been repeatedly held that the writ of error coram nobis can not be invoked for newly discovered evidence going to the merits of the issues tried in the court below. * * *

''When the facts set out in the petition are considered together with the facts revealed by the transcript of the testimony in petitioner's trial, such grave doubt arises as to petitioner's guilt that no enlightened court dedicated to the plainest principles of justice should deny a judicial inquiry to determine whether a judgment should be vacated and a new trial granted. If there is no parallel case in the books, and if it can be said that there is no clear precedent for the entertainment of this petition, such should not deter us from the performance of our duty.

''We find no occasion at this time to adopt the simple motion or petition in place of the writ of error coram nobis in cases where that ancient writ is properly invoked. What we are doing is to say that where the writ of error coram nobis does not lie, and a petition is filed under Chapter 250, Laws of 1952, bringing a case within the narrow limits stated in the following paragraph, we will entertain such petition as being a remedy supplemental to the writ of error coram nobis. And in so doing we are not without any guide from our former decisions.''

From the foregoing it is the opinion of this Court that if the petitioner in this case has any remedy after having plead guilty it is by the ancient remedy of writ of error coram nobis to fix a hearing to determine whether or not petitioner was caused to plead guilty through duress, fear or fraud.

The judgment of the Circuit Court of Sunflower County dismissing the petition and writs of habeas corpus was correct although the reason given for so doing was erroneous. The order of the circuit court will therefore be affirmed.

Affirmed.

*McGehee, C.J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.