PETITION OF ELMER L. WOODRUFF FOR WRIT OF ERROR CORAM NOBIS

Misc. No. 2 October 18, 1965 179 So. 2d 268

*Elmer L. Woodruff* pro se.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Sᴍɪᴛʜ, J.

At the March 1962 term of the Circuit Court of Calhoun County, Elmer L. Woodruff was indicted with Charles H. Whatley and Earl Scott for burglarizing the Bank of Vardaman, at Vardaman, Mississippi. He was duly placed on trial with his co-defendant Scott. Whatley testified as witness for the prosecution.

On April 3, 1962, a jury returned a verdict against Woodruff and Scott finding them guilty as charged in the indictment. Woodruff was sentenced to serve and is now serving a seven year term in the penitentiary.

Woodruff has now filed in this Court a petition which he has styled, ''A Petition for Writ of Habeas Corpus.''

In his letter of transmittal, Woodruff requests that this petition be treated as a petition for a Writ of Error Coram Nobis, if the court should consider that to be a more accurate designation.

The Court does consider that the petition comes within the purview of Mississippi Code Annotated section 1992.5 (1956), and it will be treated and considered as a petition for a Writ of Error Coram Nobis, as provided by that statute.

Following his conviction, an appeal in forma pauperis was perfected on Woodruff's behalf to this Court by his counsel, and the trial record was duly filed here as Cause No. 42,431, styled, "Earl Scott and Elmer L. Woodruff v. State of Mississippi." After the filing of record, no assignment of errors and brief were filed, and no steps to prosecute the appeal were taken. For those reasons, the case was dismissed by this Court on November 12, 1962. For the purpose of entertaining the present petition, the Court will consider that such dismissal was an affirmance of Woodruff's conviction.

The first point assigned by petitioner as a ground for granting the writ is to the effect that the arresting officers failed to exhibit to him their warrant of arrest, failed to inform petitioner of the charge against him, and failed to advise him of his right to counsel and to remain silent under questioning.

 █ We have made a careful examination of the record of the trial on file in this Court. There is no evidence in the record that Woodruff made any statement or admission of any kind to the officers, and no confession was offered or admitted. Woodruff did not testify at his trial, and there was no occasion for use of inconsistent statements even if such statements had been made. The conviction was based largely upon direct testimony of an accomplice who actually participated in the commission of the crime.

■■ ■ Under Point II, petitioner complains that the arresting officers failed to take him before a magistrate for a preliminary hearing without unnecessary delay as required by Mississippi Code Annotated section 2473 (1956); and, in fact, there was no preliminary hearing at all. There is nothing in the record to indicate that Woodruff was prejudiced on his trial by failure to take him before a magistrate. In Harper v. State, 251 Miss. 699, 171 So. 2d 129 (1965), this Court held that such failure did not entitle the defendant to a directed verdict, and in the present case it could not have had any effect upon the trial and conviction of petitioner. See also Dunning v. State, 251 Miss. 766, 171 So. 2d 315 (1965).

■■■ Point III assigned in the petition is that Negroes were systematically excluded from the grand jury which indicted petitioner and from the petty jury which convicted him. The charge was burglary of a bank and the case had no racial aspects of any kind. Petitioner asserts in his traverse of respondent's answer to his petition that he is a white man and the exclusion of Negroes, if they were excluded, (and there is nothing to indicate that they were so excluded) would not have been prejudicial.

■■ ■ The fourth point raised by petitioner is that the trial court refused to provide counsel for his defense.

In our opinion, this is contradicted by the record which shows conclusively that Woodruff and his co-defendant Scott were well represented at their trial by a capable and experienced attorney, the late Honorable E. L. Lamar, Attorney at Law, Bruce, Mississippi.

The record does not show whether this attorney was employed or was appointed. Woodruff was indicted with two others, Scott and Whatley, for the burglary of a bank. Whatley testified for the state. The record shows that Scott and Woodruff were tried together, and that no motion for a severance was made.

The defenses of Scott and Woodruff were identical, an alibi, that is, that they were together somewhere else

when the crime was committed. Proof of this defense was made by the defendants' attorney through the introduction of a number of witnesses, including Scott. There was no conflict of interest between the co-defendants. Woodruff's testimony, if he had testified in support of the alibi, would have been cumulative only. However, Woodruff did not testify. This strategy is usually employed to prevent the prosecution showing to the jury that a defendant has previously been convicted of crime. In the case here, the court's judgment shows that at the time Woodruff was tried and convicted, he had already been sentenced to serve a term in the penitentiary for a previous conviction.

It is obvious that the attorney represented both defendants. Woodruff was several times pointed out by witnesses as being present and once as sitting next to Scott who was sitting next to their attorney.

The attorney prepared and obtained from the court as required by Mississippi procedure ten written instructions to the jury on behalf of the two defendants. Several of these specifically named Woodruff, and all of them referred in the plural to "defendants."

A separate written instruction was requested by the attorney directing the jury to return a verdict of not guilty for Woodruff alone. This instruction was refused.

A separate poverty affidavit for Woodruff alone was presented and executed by him.

A separate motion for a new trial following the conviction was prepared for Woodruff alone, signed by the attorney, and was overruled.

A separate notice was given on behalf of Woodruff alone by the attorney requesting the court reporter to transcribe her notes for appeal to this Court.

In the record, under "appearances" is the following: "For the defendants (whose names appear above on the same page) Honorable E. L. Lamar, Attorney at Law, Bruce, Mississippi." The index shows a list of "defend-

ants' witnesses." The attorney offered a number of witnesses who testified under examination by him as to Woodruff's abili. Other testimony was adduced by the attorney tending to establish Woodruff's defense.

At the conclusion of the trial, the attorney made a separate oral motion to exclude the state's evidence and to find Woodruff not guilty. This motion was overruled.

The reporter's certificate to the record shows that she mailed a copy of the transcript "to the attorney for the defendants."

This petition and the record of the indictment, trial, and conviction of petitioner have been carefully examined, and we are unanimous in the opinion that none of the four points assigned by the petitioner is well taken. We are of the further opinion that petitioner had a fair and impartial trial, that the evidence of his guilt was strong, and that he was well represented by competent counsel throughout the trial.

For the reasons stated, the Petition for Writ of Error Coram Nobis is denied.

Petition for Writ of Error Coram Nobis denied.

All Justices concur.