RODGERS, Justice:
This is an appeal from the judgment entered by the circuit judge in the habeas corpus proceeding instituted by Charles Allred in 1964. The petition alleged that petitioner was being unlawfully held by the Sheriff of Monroe County, Mississippi, and was being confined without authority of law. It is alleged that petitioner was indicted at the March Term 1960 of the Circuit Court of Monroe County, Mississippi, for the crime which he now denies he committed. He alleges that he was arrested on a warrant issued by the Mayor of the City of Amory on January IS, 1960, and that he appeared at the hearing without advice of counsel, he waived a preliminary hearing, and was bound over to await the action of the grand jury of Monroe County, Mississippi. He was then, it is said, about eighteen years of age. Thereafter, on March 16, 1960, the grand jury indicted the petitioner for the crime of burglary and larceny. The petitioner alleges that he was arraigned and without the advice and aid of counsel he pleaded guilty, although he was in fact innocent. He alleges that he had no money or property, and that he was never advised that the State would furnish an attorney for his defense, and that the failure of the State of Mississippi to furnish an attorney for his defense violated his rights under the Constitution of Mississippi and of the United States.
Upon receipt of the sworn petition, an order was entered by the circuit judge directing the issuance of a writ of habeas corpus. The writ was duly issued by the clerk, and was served upon the sheriff by the coroner. Thereafter, on March 17, 1964, during a regular term of the Circuit Court of Monroe County, the ha-beas corpus was heard by the circuit judge.
The petitioner testified that at the time he waived preliminary hearing before the Mayor of Amory, he had no attorney, and that after he had been indicted by the grand jury, he entered a plea of guilty without counsel; that he was not advised that he would be furnished counsel, and that he was not guilty. The record shows that after he entered a plea of guilty in the circuit court, he was given a suspended sentence. He was later arrested for a violation of his probation order, and was being held in the county jail at the time he filed the petition for a writ of habeas corpus.
After the hearing, the judge, sitting in the habeas corpus proceeding, entered an order releasing the prisoner under bond, and directed that he be granted a new trial. The circuit judge stated in the record that he was not advised that the petitioner was indigent at the time he was sentenced. The petitioner then made a motion requesting the judge to grant petitioner a rehearing and a discharge because, it was contended, petitioner did not have counsel at the preliminary hearing, and for that reason the indictment was void. This motion was overruled, and the judge granted an appeal to the Supreme Court.
In the outset, we are again confronted with two misconceived legal theories which have apparently crept into the thinking of the lawyers of this State, and which obviously result from the revolutionary use of the venerable habeas corpus writ as a post conviction remedy in the federal procedure *30 to expand the federal jurisdiction over state courts.[1] "Ne movete quieta,"1-a
This judicial departure from the original stare decisis line of march was first noted by this Court in Rogers v. Jones, 240 Miss. 610, 128 So.2d 547 (1961).
The two erroneous hypotheses are: (1) That the writ of habeas corpus may be used in the Mississippi State Courts as a post conviction remedy; and (2) that the mere fact that an indigent defendant did not have an attorney by his side at a so-called “critical stage” before arraignment entitles him to an acquittal in the trial court, regardless as to whether or not he made any adverse statements or any advantage was acquired over the prisoner, before an attorney was appointed for his defense.
With reference to the first theory: This Court pointed out many years ago in Ex parte Grubbs, 79 Miss. 358, 30 So. 708 (1901), that habeas corpus proceedings would not lie to test the sufficiency of a defendant’s conviction; that his remedy was to appeal. But — it is apparent- — one who enters a plea of guilty may not appeal. (Miss.Code Ann. § 1150, 1956). It is also true that a parolee cannot appeal from an order revoking his suspended sentence. Cooper v. State, 175 Miss. 718, 168 So. 53 (1936). Moreover, the writ of habeas corpus cannot be used to authorize the discharge of any person convicted of an offense. Miss.Code Ann. § 2816 (1956). What remedy then is open to a defendant in the state courts, who claims to have been convicted because the State obtained his conviction by violating his constitutional rights ?
In Rogers v. Jones, 240 Miss. 610, 128 So.2d 547 (1961), we emphasized the fact that the common-law writ of coram nobis is the statutory method of bringing to the attention of the court errors of fact, unknown at the time of the trial. In that case a petition was later filed in this Court (Rogers v. State, 241 Miss. 593, 130 So.2d 856, 1961), under the authority of Mississippi Code Annotated section 1992.5 (1956), since the defendant’s conviction was affirmed by this Court (Rogers v. State, 240 Miss. 135, 126 So.2d 512, 1961), and upon an appeal from a hearing had in the circuit court, we sustained the petition for a writ of error coram nobis, vacated petitioner’s former convictions, and granted the prisoner a new trial. Rogers v. State, 243 Miss. 219, 136 So.2d 331 (1962).
In Smith v. State, 155 So.2d 494 (Miss.1963), we said at page 495:
“Appellant, by proceeding in the circuit court with habeas corpus, pursued the wrong post conviction procedure and remedy in Mississippi. In this state the writ of habeas corpus has a limited function: to inquire into the competency and jurisdiction of the tribunal and to determine whether or not it had jurisdiction to enter the judgment on conviction.”
This case also points out that there is a supplemental post conviction remedy under the rule established in Lang v. State, 230 Miss. 147, 170, 87 So.2d 265, 89 So.2d 837, 92 So.2d 670 (1957), ibid., 232 Miss. 616, 100 So.2d 138 (1958). See also Smith v. State, 158 So.2d 686 (Miss.1963). In the case of In re Broom’s Petition for a writ of error coram nobis, 251 Miss. 25, *31 168 So.2d 44 (1964), we pointed out that the post conviction remedy by writ of error coram nobis or by motion to set aside or correct a sentence should be filed in the trial court unless the prisoner’s conviction had been affirmed by the Supreme Court of this State.
We conclude therefore that habeas corpus will not lie to release a prisoner in this State held under a lawful sentence. This rule of procedure in the state courts was respected by the United States Supreme Court in Hamilton v. Alabama, 363 U.S. 852, 80 S.Ct. 1638, 4 L.Ed.2d 1737 (1960), as shown by the opinion in the same case later reported in 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961).
The second hypothesis erroneously assumed from the recent federal court opinion is that an indigent defendant was entitled to be acquitted, if he had no attorney at a critical stage of his investigation leading to his prosecution and conviction. All of the recent federal cases [2] have four things in common with few exceptions: (1) Petitioner was indigent; (2) he did not have a lawyer at a critical stage in the prosecution against him; (3) the prosecution took advantage of defendant’s lack of counsel to obtain the violation of defendant’s constitutional rights by (a) causing the defendant to give some self-incriminating evidence or plea of guilty, (b) or by unlawfully obtaining evidence by an illegal search and seizure or entrapment which was used in obtaining defendant’s conviction; and (4) he did not effectively waive his constitutional right to be represented by an attorney.
*32 The mere fact that the defendant did not have an attorney until he was presented for arraignment does not mean that the court must release him. It simply means that where it is later discovered that some undue advantage was taken of the defendant before he had an attorney, he will be granted a new trial, and the evidence wrongfully obtained will not be permitted to be used against him. He will be furnished an attorney to represent him on a new trial. Galbraith v. State, 184 So.2d 633 (Miss.1966); Harper v. State, 251 Miss. 699, 171 So.2d 129 (1965); In re Woodruff’s Petition, 179 So.2d 268 (Miss.1965).
In the instant case, after the trial judge had heard the testimony, he not only released the prisoner on bail, as is permitted in habeas corpus proceedings, (Miss.Code Ann. § 2831, 1956), but he granted a new trial to the petitioner in the circuit court, which is not done on a hearing in a habeas corpus proceeding, but which is a duty to be performed by a trial judge in a hearing for a writ of error coram nobis to set aside or correct a sentence, or grant a new trial. Re: Broom’s Petition, 251 Miss. 25, 168 So.2d 44 (1964). We will therefore consider the acts and judgment of the trial court as if the judge had proceeded upon a petition for a writ of error coram nobis.
In the case at bar there is nothing in the record indicating that the State of Mississippi, or its officer, took any advantage of the prisoner from the time he was arrested until he was indicted and presented for arraignment in the circuit court. He was not required or permitted to testify against himself by way of confession, and no adverse statements were made by the defendant against his interests. The State offered no evidence against the defendant which might have been unlawfully seized. He was arrested and taken before a magistrate where the amount of his appearance bond was fixed. He posted bond and was released. Neither the defendant, nor an attorney acting for him, had the right to appear before the grand jury at a time when his case was under investigation. Under the facts in this case, the first time an attorney was needed by the defendant was when he was presented for arraignment. The preliminary hearing was not such a “critical time” under the facts in this case as would require the court to quash the indictment returned by the grand jury against the petitioner.[3] The circuit judge — acting upon the writ of habeas corpus as if it were a petition for a writ of error coram nobis— granted the petitioner a new trial. We are of the opinion that a new trial is all the petitioner was entitled to under the facts in this case, assuming, of course, that the defendant will be rearraigned. We therefore overrule petitioner’s motion to quash the indictment against him, and affirm the judgment of the trial court.
The judgment of the circuit judge on the petition tried by him as if it were a petition for a writ of error coram nobis is hereby affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, SMITH and ROBERTSON, JJ., concur.

. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357 (1938); Frankfurter, Memorandum on “Incorporation” of the Bill of Bights into the Due Process Clause of the Fourteenth Amendment. 78 Harv.L.Rev. 746 (1965).

. Hogatt v. Bingaman, 7 How. 565, 567 (Miss.1843). “A favorite maxim with one of the most powerful modern statesmen was, ‘ne movete quieta’ — do not disturb things that are settled; and this maxim deserves great weight with every judge.”

. Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1005, 13 L.Ed.2d 923 (1965), (Statement at preliminary hearing inadmissible) ; Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), (Not required to testify against self) ; Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), (Denial while interrogated); Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 D.Ed.2d 246 (1964), (Entrapment); Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964), (Confession, trial procedure); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), (Denial of counsel); White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), (Guilty plea); Chewning v. Cunningham, 368 U.S. 443, 82 S.Ct. 498, 7 L.Ed.2d 442 (1962), (Denial of counsel) ; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 D.Ed.2d 70 (1962), (Illiterate, no advice); Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), (Denial of counsel); McNeal v. Culver, 365 U.S. 109, 81 S.Ct. 413, 5 L.Ed.2d 445 (1960), (Denial of counsel); Cash v. Culver, 358 U.S. 633, 79 S.Ct. 432, 3 L.Ed.2d 557 (1959), (Denial of counsel); Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 D.Ed.2d 1479 (1957), (Confession, delayed hearing) ; Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957), (Youth, guilty plea); Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1955), (Plea of guilty, confession) ; Massey v. Moore, 348 U.S. 105, 75 S.Ct. 145, 99 L.Ed. 135 (1954), (Insanity plea); Palmer v. Ashe, 342 U.S. 134, 72 S.Ct. 191, 96 L.Ed. 154 (1951), (Guilty plea, imbecile); Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647 (1948), (Denial of counsel); Uvegas v. Commonwealth of Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127 (1948), (Youth, no advice); De Meerleer v. People of State of Michigan, 329 U.S. 663, 67 S.Ct. 628, 91 L.Ed. 606 (1947), (No advice); Marino v. Ragen, 332 U.S. 561, 68 S.Ct. 240, 92 L.Ed. 170 (1947), (Language barrier, no advice); Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1947), (Guilty plea after threat); Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398 (1944), (Plea of guilty); Tomkins v. State of Missouri, 323 U.S. 485, 65 S. Ct. 370, 89 L.Ed. 407 (1944), (Guilty plea); Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 (1944), (No advice, guilty plea); Smith v. O’Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859 (1941), (Duped by officer); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R.. 357 (1938), (Unable to obtain counsel); Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), (Ineffective counsel) ; United States ex rel. Pennise v. Fay, 210 E.Supp. 277 (D.C.1962), (Youth, guilty plea.)

. Ronzzo v. Sigler, 235 F.Supp. 839 (Neb.D.C.1964); Montgomery v. State, 176 So.2d 331 (Fla.1965); Molignaro v. Balkcorn, 221 Ga. 150, 143 S.E.2d 748 (1965); State v. Atkins, 195 Kan. 182, 403 P.2d 962 (1965); Portis v. State, 195 Kan. 313, 403 P.2d 959 (1965); State v. Vogel, 45 N.J. 400, 212 A.2d 560 (1965); Phelps v. State, 404 P.2d 687 (Okl.Cr.App.1965); Commonwealth ex rel. Butler v. Rundle, 416 Pa. 321, 206 A.2d 283 (1965).