210 So.2d 880 (1968)
Virgil LEDBETTER
v.
James H. BISHOP, Sheriff, and State of Mississippi.
No. 44904.
Supreme Court of Mississippi.
May 27, 1968.
*881 Thomas H. Comer, Booneville, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellees.
RODGERS, Justice:
This is an appeal from an order of a Habeas Corpus Court of Tishomingo County, Mississippi denying relief therein sought. These are the salient facts. Virgil Ledbetter, the appellant, was convicted in the Justice of the Peace Court for the First District, Tishomingo County, Mississippi on May 7, 1966. He filed his appeal bond to appear in the Circuit Court of Tishomingo County at the next regular term to be held on August 15, 1966. The case was called for trial on the third Monday of the regular term of the Circuit Court. The defendant was notified to be back in court the next morning for trial. On the following morning the State announced ready, and the defendant was called but did not answer, nor was his counsel present. The State made a motion requesting the court to dismiss the appeal. Thereupon, the court entered a judgment dismissing the appeal and directed the issuance of a writ of procedendo to the Justice of the Peace Court.
Several days after the Circuit Court had adjourned, the defendant presented a petition to the Circuit Judge of the county in which the petitioner was a prisoner. The judge ordered the circuit clerk to issue the writ in accordance with section 2822, Mississippi Code 1942 Annotated (1956). He also fixed a date for the hearing.
When the habeas corpus hearing was organized on the date set by the Circuit Judge, certain corrections were made on the petition and the petitioner proceeded to introduce testimony. The petitioner admitted that he was present in court and was notified to be back for trial the next day, but said that he injured his back and was taken to the hospital. He said he had an attorney and testified that he was "supposed to call him." He admitted that he did not try to communicate with his attorney. On cross-examination he testified that he had appealed to the Circuit Court from the sentence of the Justice of the Peace Court and knew the case was to be tried the next day. Mrs. Ledbetter testified that he was injured on Friday before the court met on Monday.
The thrust of appellant's appeal to this Court is based upon an affidavit and search warrant included in the papers sent up to the Circuit Court from the Justice of the Peace Court. The petitioner contends that the search warrant was void and for that reason the judgment of the court violated the petitioner's constitutional rights, requiring a lawful search warrant. In short, it is contended that an illegal search warrant found in the papers on appeal will entitle the defendant to a discharge. We do not agree with this contention and we affirm the order of the Circuit Judge in the habeas corpus proceedings.
*882 We are again confronted with an attempted appeal to this Court from a solemn judgment of a trial court by the use of habeas corpus proceedings. We have repeatedly held that a habeas corpus proceeding in this state is not a method of appeal, nor is it a method of testing the sufficiency of evidence introduced on the hearing in the trial court. Ex parte Adams, 25 Miss. 883 (1853) (a history of the English law); Ex parte Grubbs, 79 Miss. 358, 30 So. 708 (1901); Donnell v. State, 48 Miss. 661 (1873); Kelly v. Douglas, 164 Miss. 153, 144 So. 237 (1932); Lewis v. State, 153 Miss. 759, 121 So. 493 (1929); Rogers v. Jones, 240 Miss. 610, 128 So.2d 547 (1961).
The habeas corpus writ is not used as a post conviction remedy in Mississippi state courts, and it is not a method of obtaining a new trial growing out of errors committed in the original trial. A petitioner is not entitled to be released on a writ of habeas corpus, so long as the trial court has jurisdiction under a valid law and renders a valid judgment. § 2816, Miss.Code 1942 Ann. (Supp. 1966); Smith v. State, 155 So.2d 494 (Miss. 1963); Rogers v. State, supra; Hays v. Barnes, 148 Miss. 599, 114 So. 395 (1927). This is true even when the defendant is innocent. The rule is otherwise if the original judgment is void. Ex parte Scott, 70 Miss. 247, 11 So. 657 (1892).
The judge in a habeas corpus court can not order a new hearing or a new trial in the court where the original case was tried. Allred v. State, 187 So.2d 28 (Miss. 1966). When the habeas corpus court has concluded the hearing and has entered the order of the judge, the habeas corpus court has no further function and its business is concluded. It cannot enter an order extending the operation of its existence. Talley v. Womack, 249 Miss. 773, 163 So.2d 742 (1964); Mitchell v. Powell, 253 Miss. 867, 179 So.2d 811 (1965); Allred v. State, supra.
We have ample judicial proceedings in this state by which a defendant's post conviction remedy may be preserved. We pointed out in Rogers v. Jones, supra, that a convict could file an application for a writ of error coram nobis in the court where the original case was tried or in the Supreme Court if the case had been appealed to this Court. Moreover, we held in Lang v. State, 230 Miss. 147, 163, 87 So.2d 265, 89 So.2d 837, 92 So.2d 670 (1957), that a motion was proper in cases where the application for writ of error coram nobis would not lie under the common law.
We held in Allred v. State, supra, that the Circuit Judge treated a petition for a writ of habeas corpus as if it were a petition for a writ of error coram nobis and "entered an order releasing the prisoner under bond, and directed that he be granted a new trial." (Emphasis added) Since, however, a judge in a habeas corpus proceeding could not grant a new trial in another court, we concluded that the judge must have proceeded on a coram nobis hearing rather than habeas corpus proceedings. We affirmed the order of the Circuit Judge. See also Moore v. Summerville, 80 Miss. 323, 31 So. 793, suggestion of error denied, 80 Miss. 332, 32 So. 294 (1902); Ventress v. Wallace, 111 Miss. 357, 71 So. 636 (1916); Mitchell v. Powell, supra; 41 Am.Jur., Pleading § 25 (1942); Mahaffey v. Mahaffey, 176 Miss. 733, 170 So. 289 (1936).
In the instant case the trial court properly concluded that the petitioner was not entitled to be discharged by writ of habeas corpus. It is also apparent that the appellant was not entitled to have the Circuit Judge consider his petition as an application for a writ of error coram nobis for the reason that the evidence does not establish a case for post conviction remedy.
The evidence shows that the defendant had an attorney. He appealed his case to the Circuit Court, but made no *883 motion to suppress the alleged illegal evidence. The defendant knew that the case was set for trial in the Circuit Court the following morning, but he did not advise the court that he was sick, nor did he advise his attorney that the case was to be heard. Moreover, the mere fact that there is some inadmissible evidence in a case which could have been stricken by the court on proper application does not mean that a defendant may permit a judgment to be entered against him and later obtain a new trial upon the ground that he might have objected to the evidence had he been present. Henry v. State, 253 Miss. 263, 154 So.2d 289, 174 So.2d 348 (1965).
The judgment in the habeas corpus proceeding is affirmed.
Affirmed.
ETHRIDGE, C.J., and BRADY, PATTERSON and SMITH, JJ., concur.