George **SUMMERVILLE**, Plaintiff,

v.

Thomas D. **COOK**, Superintendent Mississippi State Penitentiary, Parchman, Sunflower County, Mississippi, Defendant.

No. GC 6944–S.

United States District Court,
N. D. Mississippi,
Greenville Division.

April 16, 1970.

George Summerville, pro se.

A. F. Summer, Atty. Gen., State of Mississippi, Velia Ann Mayer, Special Asst. Atty. Gen., Jackson, Miss., for defendant.

## MEMORANDUM OPINION

ORMA R. SMITH, District Judge.

On September 16, 1969 the Court received a handwritten letter from the said George Summerville. The letter was in the nature of a petition for habeas corpus and was considered as such by the Court. Summerville alleged that his constitutional rights were violated during a criminal trial in the State Courts of Mississippi which resulted in the conviction of petitioner. At that time the Court was of the opinion that petitioner Summerville had not exhausted his post conviction remedies in the State Courts as required by 28 U.S.C. § 2254.

The Court entered an order dated October 1, 1969 abstaining from further proceedings in this action for a period of six months from the date of said order so that petitioner could exhaust such post conviction remedies as may be available to him in the Courts of the State of Mississippi.

On February 23, 1970 the Mississippi Supreme Court affirmed petitioner's conviction, as evidence by the judgment of said Court, recorded in its minutes in Minute Book "BP", page 67.

Petitioner's motion for a rehearing was denied by the Mississippi Supreme Court on March 23, 1970, as shown by judgment entered by said Court recorded in the minutes of said Court in Minute Book "BP", page 87.

On March 31, 1970, this Court entered an order requiring defendant Thomas D. Cook to show cause why the relief requested by petitioner should not be granted. On April 10, 1970 defendant, by A. F. Summer, Attorney General, and Velia Ann Mayer, Special Assistant Attorney General, filed a Motion To Dismiss because of petitioner's failure to file a petition for writ of error coram nobis pursuant to Mississippi Code 1942, Annotated, § 1992.5 (1956).

This Court is of the opinion that defendant's motion is not well taken and should therefore be overruled.

Defendant cites King v. Cook [1] where United States District Court Judge William C. Keady held that § 1992.5 was a meaningful and effective procedure for the protection of constitutional rights of those convicted of crime. However, this remedy has been rendered ineffective by the Mississippi Supreme Court in certain specific instances as discussed in Kitchens v. State of Mississippi.[2] In that case Jimmy Kitchens was convicted of burglary and sentenced to seven years in the Mississippi State Penitentiary. Kitchens filed three habeas corpus writs in the Circuit Court, which were ignored, and a "Motion for leave to file motion for new trial and other relief" in the Mississippi Supreme Court, which was denied. Kitchens then filed a petition for writ of habeas corpus with the United States District Court in the Northern District of Mississippi, which was subsequently transferred to the Southern District pursuant to 28 U.S.C. § 2241(d), alleging that his detention was in violation of due process under the United States Constitution. The State alleged that Kitchens had not exhausted his State Court remedies, as required by 28 U.S.C. § 2254, because he had not

[1.] 287 F.Supp. 269 (N.D.Miss.1968).

[2.] 290 F.Supp. 856 (S.D.Miss.1968).

filed a petition for writ of error coram nobis in the Mississippi Supreme Court.

At the subsequent hearing, evidence was produced by an affidavit by the witness who had previously testified against Kitchens and upon whose testimony his conviction was largely based that he had previously testified erroneously as to Kitchens' implication in the burglary of which Kitchens was subsequently convicted.

United States District Court Judge Walter L. Nixon, Jr., in speaking generally about Mississippi's post conviction remedies, said:

"The petitioner is required by 28 U.S.C. Sec. 2254 to exhaust all remedies available in state court before seeking habeas corpus relief in the federal court. This rule is grounded on the principle of comity and embraces only those 'state remedies still open to applicant at the time he files his application for habeas corpus.' Fay v. Noia, 372 U.S. 391, 399, 83 S.Ct. 822, 827, 9 L.Ed.2d 837 (1963).

The postconviction remedies generally available to a criminal defendant in Mississippi do not include habeas corpus, which lies only where the convicting court was without jurisdiction. 'A petitioner is not entitled to be released on a writ of habeas corpus, so long as the trial court has jurisdiction under a valid law and renders a valid judgment.' Ledbetter v. Bishop, Miss. 210 So.2d 880, 882 (1968). However, Mississippi procedure does include two mechanisms by which a criminal defendant may secure postconviction review of his sentence: Writ of error coram nobis, see Rogers v. Jones, 240 Miss. 610, 128 So.2d 547 (1961), and by motion before the Supreme Court asking leave to file a motion for new trial in the convicting court, see Lang v. State, 230 Miss. 147, 92 So.2d 670 (1957)." [3]

It logically follows that before petitioner can be required to pursue further postconviction remedies in the Mississippi Courts then either the writ of error coram nobis or the motion to the Supreme Court asking leave to file a motion for new trial in the convicting court must be both available to petitioner and furnish him an effective remedy.

The case of Rogers v. Jones,[4] was an appeal to the Mississippi Supreme Court from an order of the Circuit Judge of Marion County, Mississippi dismissing a petition for habeas corpus grounded upon the question of whether the prisoners were fraudulently inveigled into entering a plea of guilty, at a time when their attorney was not present. In a concise discussion of habeas corpus and coram nobis procedures Justice Rodgers cited Lang v. State,[5] where the Court reviewed Chapter 250, Laws of 1952 and said:

" 'It will be observed that the relief sought by this petition is based on newly discovered evidence. If we treat the petition as one for the writ of error coram nobis, we would be required to deny the petition. It has been repeatedly held that the writ of error coram nobis can not be invoked for newly discovered evidence going to the merits of the issues tried in the court below.' "

The issue was specifically foreclosed in the case of Peeples v. State,[6] which was a case where a prisoner was convicted almost entirely on the testimony of a codefendant. The codefendant subsequently recanted his previous testimony at a habeas corpus proceeding of another codefendant. The prisoner then filed a petition for writ of habeas corpus in the nature of a petition for a writ of error coram nobis which brought up the question as to whether the recantation of a witness entitles the petitioner to a new

---

3. 290 F.Supp. at 858.

4. 240 Miss. 610, 128 So.2d 547, 552 (1961).

5. 230 Miss. 147, 87 So.2d 265, 89 So.2d 837, 92 So.2d 670, 672.

6. Miss., 218 So.2d 436 (1969).

trial. Justice Brady, in confining the Court's opinion to that issue, said:

"As to the second question, the fact that a witness changes his testimony after the trial is not alone an adequate ground for granting a new trial or a writ of error coram nobis. * * * A writ of error coram nobis will only issue in cases such as the one at bar when the prosecuting officials knowingly use perjured testimony to obtain a conviction." [7]

It now follows that if petitioner is to have a remedy, he must rely on the second remedy stated above. However, the *Lang* case eliminated that possibility. Theodore Lang was convicted of rape and sentenced to life imprisonment in the State Penitentiary. After an appeal, a suggestion of error, and a petition for writ of certiorari to the United States Supreme Court proved fruitless, he filed with the Mississippi Supreme Court a "motion for leave to file a motion for a new trial in the trial court in the nature of a petition for a writ of error coram nobis". In sustaining the petition under Chapter 250, Laws of 1952, as being a petition for leave to file in the trial court a motion to vacate the judgment and for a new trial on the ground of newly discoverd evidence, the Mississippi Supreme Court specifically restricted the supplemental motion when they said:

"Such a petition should be confined to the narrowest limits compatible with justice; it will be sustained only if the newly discovered evidence is of such nature that it would be practically conclusive that it would cause a different result; it will not be sustained if the petitioner or his attorney knew of the existence of such evidence at the time of the trial, or could have discovered it by the exercise of due diligence; it will not be sustained if the newly discovered evidence is merely cumulative, or additional to that adduced at the trial; *it will not be sus-*
*tained if the newly discovered evidence merely tends to impeach other testimony offered at the trial*; and it must be filed as soon as reasonably practical after the discovery of the new evidence." (Emphasis added) [8]

In the case sub judice, petitioner seeks to do exactly the same thing that *Peeples* [9] attempted to do. He seeks to impeach the testimony of a witness who testified against him at his trial by presenting the conflicting testimony of the same witness at a subsequent trial. The Court is therefore of the opinion that petitioner has exhausted his State Court post conviction remedies within the meaning of 28 U.S.C. § 2254. In the case of Pate v. Holman,[10] the Fifth Circuit Court of Appeals said:

"Section 2254 of Title 28 is a congressional limitation on federal habeas corpus. It is not an absolute limitation. It is no limitation at all, if 'there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.' The exhaustion doctrine should not, therefore, be applied mechanically without regard to factual setting."

Petitioner clearly falls within the circumstances rendering such process ineffective to protect his rights.

An appropriate order will be entered.

### ORDER

Pursuant to the opinion of the Court this day rendered on defendant's Motion to Dismiss, it is

Ordered:

1. That defendant's Motion to Dismiss shall be, and the same hereby is, overruled; and

2. That defendant Thomas D. Cook, shall show cause, if any he has, on or before May 7, 1970, why the relief requested by plaintiff should not be granted.

---

7. Miss., 218 So.2d at 438–439.

8. 92 So.2d at 675–676.

9. See n. 6.

10. 343 F.2d 546, 547 (5 Cir. 1965).