SUGG, Justice:
ON PETITION FOR WRIT OF HABEAS CORPUS
Johnny R. Clayton filed his petition for a writ of habeas corpus in this Court on November 3, 1971 and alleged that he was a prisoner in the Mississippi State Penitentiary under a fifteen year sentence for armed robbery; that his constitutional rights were violated in that he was questioned by officers without being advised of his rights to remain silent and to have an attorney in his behalf; that a preliminary hearing was held on or about June 1, 1970; that he was not offered services of an attorney at the preliminary hearing; that counsel was appointed for him on July 30, 1970 by the Circuit Court of Grenada County, Mississippi and after consultation of about one hour, petitioner entered a plea of guilty to the charge of armed robbery because he was advised by his attorney to plead guilty, otherwise, he would be given a more severe sentence and that he was advised by his attorney that another criminal charge pending against him would be dismissed if he would enter his plea of guilty.
Petitioner’s remedy, if any, is not by habeas corpus but by writ of error coram nobis.
In the case of Rogers v. Jones, 240 Miss. 610, 128 So.2d 547 (1961), this Court stated:
From the foregoing it is the opinion of this Court that if the petitioner in this case has any remedy after having pled guilty it is by the ancient remedy of writ of error coram nobis to fix a hearing to determine whether or not petitioner was caused to plead guilty through duress, fear or fraud. (240 Miss. at 621, 128 So.2d at 552.)
Rogers was quoted with approval in Ledbetter v. Bishop, 210 So.2d 880 (Miss.1968), where it was pointed out that we have ample judicial proceedings in this state by which a defendant’s post conviction remedy may be preserved. This case further stated that a convict could file an application for a writ of error coram nobis in the court where the original case was tried or in the Supreme Court if the case had been appealed to this Court.
The petition for writ of habeas corpus is denied without prejudice to the rights of the petitioner to file an application for writ of error coram nobis in the proper court.
All Justices concur, except RODGERS, P. J., who took no part.